(90 South. 564)

No. 22955.

## U. S. FIDELITY & GUARANTY CO. v. D'ANGELO et al.

(May 2, 1921. On Rehearing, Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Mechanics' liens ⬅⮞226—Owner furnishing bond not liable to materialmen.**

An owner furnishing a bond under Act No. 221 of 1914 is relieved of all liability to materialmen.

**2. Mechanics' liens ⬅⮞313—Violation of contract by owner gives surety no cause of action.**

Violation by owner of a bond given by a building contractor under Act No. 221 of 1914, amending and re-enacting Act No. 167 of 1912, § 1, in favor of the owner, could not give rise to a cause of action against the owner in favor of the surety, nor could violation of the contract between the owner and the contractor give rise to a cause of action in favor of the surety; the bond not being the accessory promise by which a person binds himself for another already bound, as is provided for in Civ. Code, art. 3035.

O'Niell, J., dissenting.

### On Rehearing.

**3. Mechanics' liens ⬅⮞313—Bond of contractor held to secure owner and protect materialmen and laborers.**

Act No. 221 of 1914, amending and re-enacting Act No. 167 of 1912, § 1, provides for a bond to secure to the owner faithful performance by the contractor, and protects third persons from whom the contractor obtained materials and labor, and the rules of law concerning voluntary suretyships do not apply, and workmen and materialmen cannot be deprived of protection by any acts of the contractor or owner.

O'Niell and Dawkins, JJ., dissenting.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by the United States Fidelity & Guaranty Company against Salvadore D'Angelo and others. From an adverse judgment, plaintiff appeals. Affirmed.

J. Zach Spearing, of New Orleans, for appellant.

Charles T. Starkey, of New Orleans, for appellee Pipitone.

PROVOSTY, J. The plaintiff company being surety on a bond given by a building contractor under the provisions of Act 221, p. 418, of 1914, and suits having been brought against it on the bond by materialmen who furnished materials to the contractor, has instituted the present suit against the materialmen, the contractor, and the owner of the building so that they and the plaintiff may litigate in this one suit their respective rights. Allegation is made that the said owner violated both the building contract and the suretyship contract, and thereby has made himself liable to the materialmen for their claims, and to the petitioner for whatever amount the petitioner may in this suit be held to be liable for to the materialmen; and judgment is asked against him for whatever amount the plaintiff may be condemned to pay to the materialmen; that said owner is still owing the contractor a balance which should go towards paying the materialmen; that the amount of one of the partial payments due to the contractor was deposited in the hands of the petitioner, and that petitioner has the right to deposit that amount in court and be relieved of all further responsibility.

The owner filed an exception of no cause of action. This exception was sustained, and the suit was dismissed as to the owner.

The owner is not claiming anything of anybody, and nobody is claiming anything of him, except that plaintiff is claiming that by the violation of the building and suretyship contracts, he has made himself liable to the materialmen for their claims, and to itself for whatever it may have to pay to the materialmen.

[1] This alleged liability to the materialmen cannot exist, for the reason that this owner has furnished the bond which under the said Act 221 of 1914 relieves him of all liability to the materialmen.

The only possible liability of this owner must therefore be to plaintiff. It is said to have arisen from the violation of the building and suretyship contracts, and the violation of the contracts is said to have consisted in that the owner required work to be done which was not within the contract, and later took the work out of the hands of the contractor when the building was but partially finished.

[2] The suretyship contract was a contract in favor of the owner. Hence the violation of it by this owner could not give rise to a cause of action against the owner.

The building contract was one between the owner and the contractor. The violation of it could not give rise to a cause of action in favor of the surety.

The debts to the materialmen are due by the contractor. The payment of them could not give rise to a cause of action against the owner, who does not owe them.

Much was said in argument touching the form of the action; in other words, as to the right of the plaintiff to bring the suit by way, or as part, of a concurso. But the exception of no cause of action does not raise any issue as to form; it addresses itself exclusively to the liability vel non of the defendant to the plaintiff.

Judgment affirmed.

O'NIELL, J., dissents.
DAWKINS, J., takes no part.

On Rehearing.

LAND, J. In addition to the reasons assigned in our original opinion for sustaining the exception of no cause of action filed by the owner of the building, the right to provoke a concursus proceeding under Act 221 of 1914, amending and re-enacting section 1 of Act 167 of 1912, is granted by said

act solely to the owner of the building, and this right cannot be exercised by him until 30 days after the completion of the work and the registry by the owner in the office of the recorder of mortgages of his acceptance of same. Within this delay of 30 days, all claimants are required to file a sworn statement of their claims with the owner and to record a sworn statement thereof in the office of the recorder of mortgages for the parish where the work is done. If at the expiration of the said 30 days there are such recorded claims filed, the owner is required to file a petition in a court of competent jurisdiction citing said claimants, the contractor against whom said claims are filed, and the surety on his bond, and it is the duty of the owner to assert whatever claim he has against any or all of them, and to require said claimants to assert their claims, all of which are to be tried in concurso.

Act 221 of 1914 expressly provides in section 1 of said act that—

"The purpose of this act is to require owners to secure bonds with solvent and sufficient security of the contractor for the protection of all parties interested in the contract, and as their interest may occur, and said surety, and, in default of surety, the owner, is to stand in the place of a defaulting contractor."

The conditions of the bond are the true and faithful performance of the building contract and the payment of all subcontractors, workmen, and furnishers of material, and said bond is required by said act to be made in favor of the owner, subcontractor, workmen, and furnishers of material. The owner is also required to see to it that the building contract shall be reduced to writing, and signed by the parties, and that said bond shall be attached to said contract and recorded with it in the office of the recorder of mortgages of the parish wherein the work is to be executed, before the day fixed on which said work is to commence, and not later than 30 days after the date of said contract, and it is provided in said act that such recordation shall create a lien and privilege on the buildings to be constructed and on the ground in favor of the contractor, subcontractor, workmen, and furnishers of materials.

The very object of said act, as stated in its title, is to provide for the bond to be given for the protection of the owner, subcontractor, workmen, and furnishers of materials.

It is therefore provided in said act that when the owner has complied with its terms, that he is fully protected and he becomes in default and is made liable to the same extent that the surety would have been, only in the event the surety is found to be not solvent or insufficient to cover the full amount for which he is bound, or if the owner fails to exact bond, or if he fails to cause same to be recorded in the office of the recorder of mortgages in the manner or in the time provided in said act.

The surety company in its petition in this case does not allege that the defendant owner has failed to comply with any of the requirements of this act; but claims that it has the right to provoke a concursus proceeding, because the owner has caused the contractor to erect the building contrary to the terms of the contract, because he has had some of the work torn out by the contractor, and has taken charge of the building himself, and because the workmen and furnishers of materials have recorded their claims against the building, and, in some instances, have instituted suit against the surety company. Plaintiff alleges that the second installment due under the building contract was placed in its hands by the contractor and the owner, that it has paid out a portion of this sum, and desires to deposit the remainder in court; and that, upon its so doing, it is entitled to be relieved of any and all obligations under its contract of suretyship whether to the owner, the

contractor, or to said claimants or any of them, as judgment in these concursus proceedings should be rendered against the owner for the balance due by him under said building contract, and that the owner should be ordered to deposit same in the registry of the court to be distributed in such manner as the court may determine.

The surety company in this case seems to be under the impression that it did not bind itself in favor of the owner for the faithful performance of the building contract and in favor of the workmen and furnishers of materials for the payment of their claims, but that its sole obligation as surety is to provoke a concursus proceeding and to compel the owner to pay all of these claimants and then its obligation as bondsman will have been fully satisfied. In this view we cannot concur. The contract, or bond, under the statute, is not the accessory promise by which a person binds himself for another already bound, as is provided for in article 3035 of the Civil Code. Here, the owner was bound only in the event that he failed to require the bond mentioned in the act, and to comply with its requirements as to sufficiency of the surety, and as to recordation of bond and contract.

[3] It follows, therefore, that the rules of law with reference to the ordinary contract of suretyship cannot be applied indiscriminately to such a case. The bond in this case performs a double function. It secures, in the first place, to the owner, the faithful performance of the contract by the contractor; and, in the second place, it is intended to protect third persons from whom the contractor obtained materials and labor.

These two obligations are as distinct as if they had been contained in separate instruments. The act of the Legislature requiring the bond to be made in favor of the workmen and furnishers of materials, as well as in favor of the owner, as their interests may

occur, gave to the workmen and materialmen distinct individual rights of which they cannot be deprived by any unauthorized acts of the owner or the contractor, or by any one other than themselves. Materialmen and laborers, therefore, are not concerned as to the alterations made in the work, and any alleged breach of the building contract in this case by the owner or the contractor did not affect the rights of action of the workmen and furnishers of materials against the surety on the bond. Under the law and present conditions, which give the materialmen and laborers on buildings security for their goods and wages, with bonds by compensated sureties, or insurers, to protect them, it is obviously unjust and unlawful to apply the rules of law concerning voluntary suretyships. Victoria Lumber Co. v. Wells, 139 La. 503, 504, 505, 506, 71 South. 781, L. R. A. 1916E, 1110, Ann. Cas. 1917E, 1083.

A concursus proceeding, therefore, if the same could be legally provoked by plaintiff, would not relieve it of its liability to the materialmen and workmen in this case.

Our former judgment, being correct, is therefore reinstated and made the judgment of this court.

O'NIELL and DAWKINS, JJ., dissent.