(100 South. 451)

### No. 24372.

### FIRST NAT. BANK OF ALEXANDRIA v. HUDSON CONSTRUCTION CO., Limited, et al.

(March 24, 1924. Rehearing Denied by Division B May 14, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Mechanics' liens ⬤⟲315—Substantial change in building contract held not to relieve surety from liability under statutes to laborers and materialmen.**

    Where an owner under building contract and bond, given in accordance with Act No. 262 of 1916, files a concursus proceeding to compel payment by surety of laborers and materialmen under bond executed in their favor, surety will not be permitted to escape liability on ground that there has been a substantial change in contract as between owner and contractor; obligation of surety to laborers and materialmen being statutory and distinct from conventional obligation for faithful performance of contract.

2. **Indemnity ⬤⟲11—Indemnitors of surety liable, where surety liable on building construction contract.**

    Obligation of indemnitors to surety on building construction bond being the same as those of the surety to its indemnitees, where surety is liable on bond, indemnitors are responsible under their contract of indemnity.

3. **Mechanics' liens ⬤⟲317 — Refusal of judgment for surety on building construction bond and indemnitors against owner of building held proper.**

    Where, under Act No. 262 of 1916, an owner was relieved of liability to laborers and materialmen when it furnished bond under building construction contract securing payment of their claims, it was not error to dismiss demand of surety and its indemnitors by way of reconvention, praying judgment against the owner of the building for the amount of such judgment as might be rendered against them; a surety's obligation being in favor of the owner and against the surety.

4. **Appeal and error ⬤⟲863—Claims for attorney's fees could not be considered on appeal.**

    Where in concursus proceedings against building construction contractor, lienors prayed attorney's fees under Act 225 of 1918, and the surety under its indemnity contract claimed

attorney's fees from its indemnitors, claims for such fees could not be considered; the lienors appealing from judgments dismissing their claims against the owner and not from judgment in their favor against the surety, and the surety appealing from the judgment rendered against it in favor of the lienors and not from the judgment against its indemnitors.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Jas. Andrews, Judge.

Action by the First National Bank of Alexandria against the Hudson Construction Company, Limited, and others. Judgment for plaintiff, and defendants appeal. Affirmed.

White, Holloman & White, of Alexandria, for appellants certain lienholders.

J. Zach Spearing, of New Orleans, for appellant U. S. Fidelity & Guaranty Co.

Hawthorn & Stafford and Thornton, Gist & Richey, all of Alexandria, for appellants Foisy, McAdams, and McGinnis.

Thornton, Gist & Richey, of Alexandria, for appellant Ransbottom.

Hakenyos, Hunter & Scott, of Alexandria, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. On February 21, 1919, plaintiff bank entered into a contract with the Hudson Construction Company, Limited, for the excavation of the basement, the construction of the basement work up to and inclusive of the first floor slab, and for some work in connection with a party wall, for a 10-story bank and office building to be erected on a plot of ground owned by plaintiff in the city of Alexandria.

The contract price was $53,400. The United States Fidelity & Guaranty Company became the surety for the contractor in the sum of $26,700, being 50 per cent. of the contract price. The contract and bond were duly recorded.

156 LA.—12

The contracting company went into liquidation without completing its contract, and the owner took charge of and finished the work. In the meantime, various furnishers of labor and materials had filed liens, aggregating $19.168.11, against the work. The balance ($8,126.26) due the contractor being insufficient to discharge these liens, the owner, depositing said balance in the registry of the court, instituted this proceeding to have all parties in interest assert their claims in concursus.

Answers were filed by the contractor, the various lienors, and the surety, who called in warranty four individuals, as indemnitors, under a contract of indemnity entered into between the surety and the said indemnitors.

Judgment was rendered in favor of plaintiffs, canceling the liens filed against the work, and in favor of the lienors against the contractor and the surety, and in favor of the surety against the indemnitors. The lienors, the surety and the indemnitors have appealed. The contractor has not appealed. The lienors' appeals were taken in order to preserve their rights in the event the surety's defense that it had been absolved from liability should prevail.

The contention of the surety, concurred in by the indemnitors, is substantially that it was released from its obligations under the bond, because plaintiff, without its consent, interfered with the work and required material changes in the contract, thereby necessitating the performance of a large amount of work not called for, adding to its cost and rendering its execution more hazardous.

As against the surety, the indemnitors claim to be released from liability for the reason that what was actually done by the contractor was a different undertaking from the one set out in the original contract, which was the contract secured by the bond executed by the surety, and which was the only contract on which they had agreed to indem--

nify the surety company against damages arising from its violation.

We do not find any merit in the contentions of defendants. The law governing this case is Act 262 of 1916. The bond herein sued on was given expressly under the terms of said statute (1) in favor of the owner, individually, to secure the faithful performance of the contract, and (2) in favor of the owner, nominally, to insure the payment of the laborers and materialmen.

Plaintiff is not seeking to enforce the provisions of the bond securing to it the faithful performance of the contract. Its action was instituted, under the statute, for the benefit of all persons asserting rights by virtue of existing recorded claims having the effect of liens.

[1] It is now well settled in this state, in line with the overwhelming authority existing in the courts of the other states, that where an owner, under a building contract and bond, given in accordance with statutory provisions, files a concursus proceeding under the statute solely for the purpose of compelling payment by the surety of the laborers and materialmen under the provisions of the bond executed in their favor, the surety will not be permitted to escape liability upon the ground that there has been a substantial change in the contract as between the owner and the contractor. The obligation of the surety to the laborers and materialmen is statutory, and is as distinct from the conventional obligation to the owner for the faithful performance of the building contract as if contained in a separate agreement. Victoria Lbr. Co. v. Wells, 139 La. 503, 71 South. 781, L. R. A. 1916E, 1110, Ann. Cas. 1917E, 1083; U. S. F. & G. Co. v. D'Angelo, 150 La. 188, 90 South. 564; Shreveport Bldg. Ass'n v. Whittington (on rehearing) 141 La. 47, 74 South. 591.

Plaintiff, therefore, is merely a nominal party to the suit, and the mass of testimony in the record, admitted over plaintiff's objection, adduced for the purpose of showing the alleged changes and alterations in the original contract, is without effect upon the claims of the lienors, the real parties in interest.

Defendants advance the further contention that the lienors cannot recover for the reason that they have not established that their labor and materials were used in or on the work. Neither in argument nor in brief submitted on behalf of defendants has it been shown which of the lienors have failed in this respect. The particular items have not been pointed out, nor the details given. The court below allowed the claims in full. Such examination as we have been able to make of this voluminous record has not disclosed any error in the court's award.

[2] The defense offered by the indemnitors to the claim of the surety against them is identical with that urged by the surety against the demands made upon it. The obligations of the indemnitors to the surety are the same as the obligations of the surety to its indemnitees. Since the surety is liable on its bond, it follows that the indemnitors are responsible under their contract of indemnity.

[3] The surety and its indemnitors, by way of reconvention, prayed for judgment against the plaintiff bank, as owner of the building, for the amount of such judgment or judgments as might be rendered against them. The court below, and we think correctly, dismissed these demands.

Under the statute, the owner was relieved of all liability to the laborers and materialmen when it furnished the bond securing the payment of their claims. The judgment against the surety in favor of the furnishers of labor and material did not give rise to a cause of action in favor of the surety against the owner. The respective obligations of the owner and surety were fixed by the bond itself. The provisions of the bond affecting the laborers and materialmen were

independent of the stipulations affecting the owner. The surety's engagement to the owner was to secure the faithful performance of the contract by the contractor. This obligation was in favor of the owner and against the surety and not in favor of the surety and against the owner.

In a case involving the identical issue, this court has said:

"The suretyship contract was a contract in favor of the owner. Hence the violation of it by this owner could not give rise to a cause of action against the owner. The building contract was one between the owner and the contractor. The violation of it could not give rise to a cause of action in favor of the surety. The debts to the materialmen are due by the contractor. The payment of them could not give rise to a cause of action against the owner, who does not owe them." United States Fidelity & Guaranty Company v. D'Angelo, 150 La. 188, 90 South. 564.

See, also, Victoria Lbr. Co. v. Wells, 139 La. 503, 71 South. 781, L. R. A. 1916E, 1110, Ann. Cas. 1917E, 1083.

The lienors, by supplemental answers, prayed for judgment for 10 per cent. of the amounts of their respective claims, as attorney's fees. This demand was made by virtue of the provisions of Act 225 of 1918.

The surety company, under the terms of its indemnity contract, likewise claimed attorney's fees from its indemnitors in a sum to be fixed by the court.

These claims for attorney's fees were rejected by the court below. They are insisted on in the briefs filed in this court on behalf of the parties.

[4] Inasmuch as the appeals of the lienors were taken and perfected out of an abundance of caution against the judgment dismissing their claims against the owner, and not from the judgment in their favor against the surety company, and, inasmuch as the appeal of the surety company was taken and perfected against the judgment rendered against it in favor of the lienors and not from the judgment in its favor against its indemnitors, we are unable to consider and act upon their demands for attorney's fees.

Judgment affirmed.

O'NIELL, C. J., concurs in the decree.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.