No. ——
First Circuit Appeal

BATON ROUGE SASH AND DOOR WORKS, INC., v. A. DECUIR, ET AL.

(April 3, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Mechanic's Privileges—Par. 45.**

The surety on a building contract bond cannot use as a defense when sued on the bond by the furnishers of materials, that substantial changes in the contract between the owner and contractor or material men has released him.

2. **Louisiana Digest—Mechanic's Privileges—Par. 53, 55.**

The surety on a building contract bond cannot be subrogated to the claims of the material men against the owner where he is called upon to pay.

Appeal from the Parish of East Baton Rouge, Hon. W Carruth Jones, Judge.

This is a suit to recover the costs of materials used in a building from the owner and surety.

There was judgment for plaintiff and against the owner and surety.

The surety, a defendant, appealed.

Judgment affirmed.

R. G. Beale, of Baton Rouge, attorney for plaintiff, appellee.

Dewey J. Sanchez, Taylor & Porter, C. A. Holcombe, C. C. Bird and Justin C. Daspit, all of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. The question in this case involves the liability of a surety on the bond of a building contractor.

Mrs. Ella W. Key entered into a contract with Anthony Decuir, whereby the latter bound himself to build and erect a raised cottage for Mrs. Key in consideration of the sum of $4672.00, to be paid in install-ments at specified times. Decuir furnished bond for the performance of the contract in the sum of $2338.00 with Joseph N. Nolan as surety. The building was erected and it was finally accepted by Mrs. Key.

The present proceeding was instituted in due time by plaintiff, a furnisher of materials, and therein it prays that certain holders of other recorded liens be made parties, that its lien and privilege be recognized, and that it recover judgment against Mrs. Key for whatever balance she may hold as due to the contractor, and judgment for the balance of its claim in full against Decuir, the contractor, and Nolan, his surety. Plaintiff has, in other words, provoked a concursus wherein all persons having any interest have been made parties. The judgment of the District Court is in favor of plaintiff and of the other furnishers of material, and the present appeal was taken by Nolan, surety on Decuir's bond.

There is no controversy over the regularity and legality of the present proceeding, nor as to the amounts due the material men nor as to the existence of the privilege securing the same; the sole question at issue in this court is whether the surety, Nolan, has, by the acts of Mrs. Key, been released from his obligation as surety. Such a defense as against the demands of the furnishers of material is untenable under the law as construed by the Supreme in the case of First National Bank of Alexandria vs. Hudson Construction Co., 156 La. 355, 100 South. 451, where it was held that the surety cannot escape liability on the ground that a substantial change has been made in the contract as between the owner and the contractor, (the ground pleaded in the present case, as releasing the surety). The obligation of the surety is there held to be statutory and the surety deprived of any defense not pleaaable by his principal, the contractor.

The defendant surety, however, prays in the alternative, and in case the defense which he pleads against the furnishers of material should not prevail, that he then be subrogated to the claims of the latter and that he be given judgment against the owner for the full amount he might be condemned to pay to such furnishers of material.

This alternative demand of the surety is presented with great earnestness and seems to be supported by equitable reasons and by judicial authority from other jurisdictions. But the same question was also passed upon in the cited case of the First National Bank of Alexandria and was decided adversely to the contention of the surety, and this court is bound to follow the la was construed by the Supreme Court. See also U. S. Fidelity and Guaranty Co. vs. D'Angelo, 150 La. 188, 90 South. 564.

The Legislature has itself so construed its own statute for, by Act 230, p. 450, of 1924, the provision in the previous statutes restricting the surety only to such defenses as could be pleaded by the contractor as against the owner was changed and amended, but that law as thus amended cannot be applied to the present case for the reason that the contract and bond in this case were entered into in July, 1922, long before the passage of the amendatory statute of 1924.

We therefore believe that the judgment appealed from is in conformity with the facts and the law governing this case and should be affirmed, and it is so ordered.