## FIDELITY & DEPOSIT CO. OF MARYLAND v. THIEME.

### No. 6087.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 5, 1940.

Harry Fuller, of Winnfield, for appellant.

Oglesby & Oglesby, of Winnfield, for appellee.

TALIAFERRO, Judge.

Plaintiff seeks money judgment on a contract of indemnity signed by defendant on behalf of one E. C. Jones. The facts of

the case are not involved nor in dispute. A question of law only is presented.

Jones applied to the Louisiana Public Service Commission for a permit to operate a line of motor vehicles for hire and carrying freight over the highways out of Winnfield to other points in the state, and, as a condition precedent to issuance of the permit, he was required to provide fidelity bond in keeping with Act No. 292 of 1926. This bond was signed by plaintiff, but, before doing so, it exacted of Jones a bond of indemnity to protect it against loss on account of the suretyship for him. Defendant signed the bond of indemnity.

Jones accepted collect-on-delivery consignments of merchandise from business houses in the City of Alexandria to customers beyond its limits. During the period from June 16, 1937, to October 11, 1937, he received for such delivery from the Rapides Drug Company, sixteen (16) consignments of merchandise whereon the charges amounted to $182.88; and in November he likewise received for delivery one (1) consignment from the Rapides Auto Supply Company, on which the charges were $14.-40. However, as to this amount, defendant does not now deny liability. Jones or his drivers delivered all of said consignments and collected the charges thereon. He did not account for any of it. When called upon to settle the amount due the Rapides Drug Company about October 11, date of its last consignment, he asked for further time to do so, assigning as the reason therefor that one of his drivers had embezzled a substantial amount of cash (collections) belonging to him. After the lapse of several weeks, all efforts to induce Jones to pay up having been futile, the Drug Company reported the status of the situation to plaintiff and asked for payment of the amount due it by Jones. Plaintiff, in turn, reported the matter to defendant and requested his co-operation and assistance. The correspondence between these parties covered several weeks. Defendant was urged by plaintiff to forward to it check for the amount of Jones' defalcations. He ignored these urgings. Finally, to avert litigation and possibly being mulcted in penalties, plaintiff paid the claims, less $33.26, a credit due to Jones by the Drug Company, taking assignments from each claimant, and then instituted the present suit. The amount sued for is $164.02.

Defendant resists the suit on the sole ground that the Drug Company, by extending Jones a line of credit instead of collecting from him promptly after delivery of each consignment, made it possible for Jones to embezzle the collections sued for; that it was the Drug Company's duty to have required Jones to pay over C. O. D. collections immediately after receiving them; that its failure and neglect to do so over a period of four months relieved plaintiff of liability on its suretyship for the amounts sued for, and likewise absolved defendant from liability to plaintiff on the contract of indemnity.

Defendant further pleads that notwithstanding plaintiff knew that he had a good defense to any action by said shippers, and knew that he denied liability for any of the amounts embezzled by Jones, nevertheless, settled with said shippers without defendant's consent and over his protest, thereby depriving him of the opportunity to assert said defense in court.

There was judgment for plaintiff for the amount sued for and defendant appealed.

No one connected with the Rapides Drug Company knew that Jones was under bond for the faithful discharge of his duties under the permit granted by the Louisiana Public Service Commission until after Jones' default. That bond is not in the record. We are, therefore, without knowledge of its contents. Nor did the Drug Company have knowledge that defendant had signed a bond of indemnity for Jones.

■ The contract of indemnity is the controlling law between the parties thereto. Its terms, provisions and conditions should and will be enforced as written unless they run counter to law or violate well-defined public policy or good morals. The present instrument is not open to objection, nor is it attacked as being amenable to either of these possible infirmities.

By the contract in the present case, defendant, the indemnitor, inter alia, covenanted and agreed:

"Second, to indemnify the company (indemnitee) from and against any and all liability, loss, costs, damages, attorneys' fees and expenses, of whatsoever kind or nature, which the company may sustain or incur by reason, or in consequence of executing said bond or bonds * * *.

"Third, that the surety or sureties executing said bond or bonds shall have the right and such surety or sureties are hereby authorized, but not required: (a) to adjust, settle or compromise any claim, demand,

suit or judgment upon said bond or bonds unless the indemnitors shall request such surety or sureties to litigate such claim or demand * * *.

"Fourth, that liability hereunder shall extend to, and include, the full amount of any and all moneys paid by the surety or sureties executing said bond or bonds in the settlement or compromise of any claims, suits and judgments thereupon, in good faith, under the belief that it or they were liable therefor, whether liable or not * * *.

"Eleventh, that this instrument shall be liberally construed, so as to fully protect the surety or sureties executing said bond or bonds."

██ There is no intimation in the letters from defendant to plaintiff that he wished plaintiff to litigate the claims of the two Alexandria concerns before paying them, or that he believed he had a good defense against any effort to hold him responsible for the amounts thereof. He testified in his own behalf but did not say therein that such a request was made of plaintiff or any of its agents. So far as the record discloses, his answer reveals the first denial of liability on his part. If he had wished to see the merits of these claims litigated, as against plaintiff, a right which the indemnity contract clearly gives to him, the duty devolved upon him to signify such desire to plaintiff at a time it would have been effective; if he would put himself in a position to controvert his own liability therefor to plaintiff after it had paid the claims. By his own silence over a period of several months, he surely led plaintiff to believe that he did not wish to avail himself of the provisions of the contract of indemnity with reference to litigation on the claims. He did not speak when he should have done so. It is now too late to escape the responsibility which his own silence and inaction superinduced. Plaintiff's good faith in paying the claims is not impugned. It is obviously above suspicion. Having thus acted, and believing itself liable to the claimants under the bond signed for Jones, plaintiff unquestionably is entitled to demand reimbursement of defendant under the above-quoted provisions of the indemnity contract, for the full amount paid said claimants.

In view of the provisions of the indemnity bond and the facts above related, it is unnecessary that we decide whether plaintiff was liable to the claimants under the terms of the bond signed for Jones or not. The claimants, while not parties to the bond, claimed the benefits of its provisions. Not being apprised of the conditions of the bond, as regards claims of the character involved, we are not in a position to say that the indulgences accorded Jones by the Drug Company, as regards payment of C. O. D. collections, violated its conditions. If it were necessary to make a finding on the question, in the absence of any evidence to warrant us in doing otherwise, we would have to hold that the bond's conditions had not been breached.

Appellant relies upon: First National Bank of Alexandria v. Hudson Construction Co., Ltd., et al., 156 La. 352, 100 So. 451; and United States Fidelity & Guaranty Co. v. Putfark, 180 La. 893, 158 So. 9.

What is said in the latter case anent estoppel rather supports plaintiff's position in the present case than defendant's. Neither case is in point, and neither by analogy supports the defense in this case.

Judgment affirmed.