DOMENGEAUX, Judge.
This appeal arises from a third party demand filed by American Fidelity Fire Insurance Company, surety-indemnitee, seeking to recover from Karnes Roofing Company, Inc., Steve Karnes, and Beverly Karnes, principals-indemnitors, the amount which American paid as surety to George P. Lemoine and James A. Lemoine, d/b/a Lemoine Brothers General Contractors, the original plaintiffs.
George P. Lemoine and James A. Lem-oine, d/b/a Lemoine Brothers General Contractors, entered into a contract with the State of Louisiana to construct an infirmary building for the Pinecrest State School in Pineville, Louisiana.
Lemoine Brothers then entered into a subcontract with Steve Karnes d/b/a Karnes Roofing Company, to provide and install the damp roofing and waterproofing, rigid roof insulation, built-up roofing, elastomeric sheet flashing system and roof accessories for the building.
Pursuant to the subcontract, American Fidelity Fire Insurance Company issued a performance bond (naming Karnes Roofing Company as principal) insuring Karnes’ performance under the terms of the subcontract. In connection with the bond, American, Steve Karnes d/b/a Karnes Roofing Company and individually, and Beverly Karnes (Steve Karnes’ wife) entered into a general contract of indemnity. The indemnity contract provided generally that the Karnes as indemnitors would indemnify and hold harmless American from any and all damages, loss, costs, charges, expenses and attorney’s fees incurred by American as a result of American’s execution of the performance bond on behalf of Karnes Roofing Company.
The roofing work on the building was commenced on March 29, 1977, and was completed on July 5, 1977. The building was accepted by the architects on December 2, 1977.
Shortly thereafter, the owners of the building began to complain of leaks and *813 defects in the roof. Following these complaints began a long series[1] of inspections, correspondence, communications and agreements by and between the State, the architects, Lemoine Brothers and Karnes Roofing relative to the repair of the alleged defects and the alleged failure of Karnes Roofing to comply with the architect’s roof design specifications. Indeed, Karnes Roofing made certain attempts at repairing the roof.
Nevertheless, on November 30, 1979, Lemoine Brothers filed suit against Steve Karnes d/b/a Karnes Roofing Company and American Fidelity Fire Insurance Company. The suit alleged that Karnes had breached its subcontract with Lemoine Brothers and was indebted to Lemoine Brothers for the amount of the subcontract, as well as for inconvenience, mental anguish, expenses and attorney’s fees. The petition prayed for a total of $48,-713.00 in damages. The petition stated that American, as surety of a performance bond on the contract, was liable in solido with Karnes Roofing for the damages.
American filed a general denial answer and a third party demand against Steve Karnes, individually and d/b/a Karnes Roofing Company and Beverly Karnes, as third party defendants, alleging that pursuant to the general contract of indemnity and because of legal and conventional sub-rogation the third party defendants would be liable to American for any amounts American would be forced to pay to the Lemoine Brothers on the main demand.
What followed was a myriad of pleadings and procedural jousting which ultimately led to American settling the main demand with the Lemoine Brothers for $10,000.00 and Lemoine Brothers dismissing their suit against Karnes Roofing Company and American.
American filed a supplemental and amended third party demand stating that it had settled with the Lemoine Brothers for $10,000.00 and that as per the indemnity agreement between American and the third party defendants, the third party defendants were liable to American for $10,-000.00, as well as $14,594.83 in investigative fees, costs, and attorney’s fees.
American then made a motion for summary judgment, alleging that based upon the indemnity agreement, the annexed affidavits and the pleadings and exhibits there were no genuine issues of material fact and thus the third party defendants were liable in solido to American.
Following a hearing on the motion for summary judgment the district court granted judgment in favor of American.
The district judge’s written reasons for judgment makes specific reference to clauses one, four, and six of the general contract of indemnity. Those enumerated clauses provide the basis upon which American made its motion for summary judgment. Those three clauses of the indemnity agreement provide:
“FIRST: That they [the Karnes, as indemnitors] will at all times indemnify and keep indemnified the Surety [American], and hold and save it harmless from and against any and all damages, loss, cost, charges and expenses of whatsoever kind or nature, including counsel and attorney fees, whether incurred under retainer of salary or otherwise, which it shall or may at any time sustain or incur by reason or in consequence of its sure-tyship or procurement of suretyship, or which it may sustain or incur in connection with any litigation, investigation, collection of premiums, or other matter connected with such suretyship, including any suit instituted to enforce the obligations of this agreement of indemnity; and the Indemnitor(s) will pay over to the Surety, its successors and assigns, all sums of money which it or its representative shall pay or cause to be paid, or become liable to pay on account of such suretyship, and on account of any dam *814 ages, costs, charges, and expenses of whatsoever kind or nature in connection therewith as aforesaid, such payment to be made to the Surety as soon as it shall have become liable therefor, whether it shall have paid out such sum or any part thereof or not, and said Surety is hereby authorized to prove such expenses, costs and attorney fees, in any action or proceeding and to include the same in any judgment....
FOURTH: That the Surety shall have the exclusive right for itself, and for the Indemnitor(s), to decide and determine whether any claim, demand, liability, suit, action, order, judgment or adjudication made or brought against the Surety and/or principal or any bond, jointly or severally, shall or shall not be defended, tried or appealed, and its decision shall be final, conclusive and binding upon the Indemnitor(s) and any order, judgment or adjudication made, entered or affirmed, as a result thereof, or any loss, cost, charge, expense or liability thereby incurred, sustained or paid, including attorneys’ fees, shall be borne by the Indemnitor(s), and the indemnitor(s) especially consent thereto....
SIXTH: The Indemnitor(s) agree to accept vouchers or affidavits of any loss paid by the Surety by reason of such suretyship, together with vouchers or affidavits of payment of all costs and expenses whatever, incurred by the Surety in adjusting such loss, or in completing any contract, as conclusive evidence against the Indemnitor(s) of the fact and extent of the Indemnitor(s)’ liability to the Surety....”
The district judge cited Fidelity and Deposit Company of Maryland v. Thieme, 193 So. 496 (La.App. 2nd Cir.1940) for the general proposition that:
“The contract of indemnity is the controlling law between the parties thereto. Its terms, provisions and conditions shall and will be enforced as written unless they run counter to law or violate well defined public policy or good morals.”
The district judge then pointed out that the above quoted clauses from the indemnity contract between the Karnes and American were similar to an indemnity agreement before the court in Standard Accident Insurance Company v. Fell, 2 So.2d 519 (La.App. 2nd Cir.1941). He then noted that the court in Fell held that the only defense which an indemnitor had to that particular indemnity contract was fraud or lack of good faith on the part of the surety-indemnitee.
The district judge went on to state that he found that there was “no fraud or lack of good faith on the part of American, nor was any alleged.” Based upon these findings, he concluded that the contract of indemnity was the law between American and the Karnes, and that based upon the indemnity agreement and the pleadings and affidavits, summary judgment was proper as there was no genuine issue of material fact.
We find that summary judgment was not proper in this case. In Chaisson v. Domingue, 372 So.2d 1225 (La.1979), the Louisiana Supreme Court set out the standards for courts to consider in determining whether a motion for summary judgment should be granted, to-wit:
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. Code Civ.P. art. 966. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts.” [Citations omitted]
The district judge based the grant of a motion for summary judgment in part on *815 the decision in Fell, supra, holding that an indemnity agreement similar to the one here before us was the law between the parties absent proof of fraud or lack of good faith. The district judge then stated that “[i]t is obvious in the instant case that there was no fraud or lack of good faith on the part of American, nor was any alleged.” However, we find that the Karnes did indeed allege lack of good faith on the part of American. On June 3, 1985, the Karnes filed an answer to American’s supplemental and amended third party demand. In that answer, at paragraph 18, the Karnes assert:
“Karnes was a small business contractor and qualified to participate in the small business contractors payment guarantee bond program thereby guaranteeing to American payment of claims made against American; since American’s risk of loss was effectively eliminated, American had a fiduciary duty to Karnes to act in good faith and reasonably in connection with the defense of this litigation. American failed to exercise that good faith or to act reasonably in settling the claim by the Lemoine Brothers.”
The Karnes filed an affidavit in opposition to the motion for summary judgment, however the affidavit did not contain any support for their allegation that American did not act in good faith in settling the claim with the Lemoine Brothers. We do not find that the affidavit’s failure to provide some evidence of the lack of good faith entitles American to summary judgment.
Generally, a party in opposition to a motion for summary judgment need not file an affidavit opposing the summary judgment unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Acme Refrigerating of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977), and Jewell v. Thompson, 386 So.2d 689 (La.App. 3rd Cir.1980).
Here, the moving party, American, failed to prove by way of their pleadings and affidavits that they were in good faith when they settled with Lemoine Brothers. Inasmuch as the trial court observed that lack of good faith was a defense to the indemnity agreement here at issue, and insofar as the Karnes alleged by way of pleading that American did not act in good faith, we feel that there remains a genuine issue of material fact as regards the good faith or lack thereof on the part of American. Such being the case, we believe that the defendants — third party defendants— appellants should be allowed to put on evidence of the alleged lack of good faith.
We are not here passing upon the validity of the indemnity agreement, nor are we determining one way or the other whether the “conclusive evidence” clause found in the instant indemnity agreement is controlled by the holding in Fell, supra.
For the above and foregoing reasons the decision of the district court granting American Fidelity Fire Insurance Company’s motion for summary judgment is reversed. The case is remanded to the district court for further proceedings in accord with the views expressed herein.
Costs of this appeal are assessed to ap-pellee. All other costs to await final determination of this matter.
REVERSED AND REMANDED.

. These communications and attempts at repair took place up to and following the date when Lemoine Brothers filed suit.