Emmet C. GREENE, Appellant,

v.

MARTIN W. HYSONG CO., Inc.,
a corporation, Appellee.

No. 3295.

District of Columbia Court of Appeals.

Argued Sept. 4, 1963.

Decided Oct. 7, 1963.

Dennis Collins, Washington, D. C., with whom William J. Fitzgerald, Washington, D. C., was on the brief, for appellant.

John B. Cullen, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Acting Judge.

Appellant Greene asks us to reverse a decision holding him liable as guarantor of a funeral bill.

Appellee, operator of a funeral home, brought suit against Greene and two others (Mace and Rouse) for the unpaid balance due for burial of Mace's little boy who had been killed in an accident. Rouse, who had married Mace's former wife, was the stepfather of the child, and Greene was Rouse's employer. Agreements to pay were signed by all defendants, it being provided that Greene was to be responsible "only in case collection of bill cannot be made from any other source."

The evidence revealed that at the time of the funeral Mace, Rouse and Greene stated that payment of Hysong's charges would be made from the proceeds of insurance coverage on the child. Later they reported to Hysong that the insurance company had not paid the insurance and that nothing would be forthcoming from that source. Three times in the next three months statements were mailed to Rouse and Mace. Some five months after the funeral, at the instance of Mace, Rouse and Greene, Hysong sent a statement to one Gilley, Rouse's father, to no avail.[1]

1. One Jo Caryl Funk had previously paid part of the bill.

Some months later another statement was sent to Gilley, followed by a statement to Mace. The statement to Mace was returned showing that he was no longer living at his given address. Hysong turned the matter over to a collection agency and later this suit was filed. Service of process was not had upon Mace as his whereabouts were then unknown. After trial judgment was entered against Greene, and he has appealed.

Greene contends that the condition of his guarantee is to be taken literally and that Hysong did not show that collection of the claim could not be made against Mace or Rouse; that the condition therefore remains unfulfilled and the suit is premature. He points out that Mace's whereabouts are now known and garnishment may be had on his employer and that Hysong also has an unexecuted judgment against Rouse.

■ The law distinguishes the status and liability of a guarantor for collection from that of a guarantor for payment. 24 Am. Jur. Guaranty § 16. A guarantor for payment assures the creditor that the debtor will pay, while a guarantor for collection gives assurance only that the debtor is able to pay. A guarantor for payment is subject to suit merely upon a showing that the debt remains unpaid; but to sustain an action against a guarantor for collection requires a showing that the creditor has been unable to gain satisfaction of his debt from the debtor by the use of due diligence.[2] What constitutes due diligence depends on the circumstances of each case and is ordinarily a question of fact.[3]

■ The trial court found that plaintiff had acted reasonably and had made "every effort" to enforce its claim against the oth-

er parties, and that finding is amply supported by the evidence. It cannot be said as a matter of law that plaintiff should have taken more elaborate steps or pursued a more exhaustive campaign against the other debtors before asking that Greene be required to pay.

Affirmed.

---

2. 24 Am.Jur. Guaranty § 112; 38 C.J.S. Guaranty § 61b.

3. Stearns, The Law of Suretyship § 4.6 (Elder's Ed.).