**UNISYS CORPORATION, Plaintiff,**

v.

**LEGAL COUNSEL, INC.,
et al., Defendants.**

**Civ. A. No. 90–1326.**

United States District Court,
District of Columbia.

June 26, 1991.

Kevin M. Murphy, John A. Taylor, Carr, Goodson & Lee, P.C., Washington, D.C., for plaintiff.

Nathaniel H. Speights, Robert X. Perry, Jr., Wilkes, Artis, Hedrick & Lane, Washington, D.C., for defendants.

MEMORANDUM AND OPINION

REVERCOMB, District Judge.

The plaintiff, Unisys Corporation, seeks damages pursuant to an alleged breach of a sublease agreement from Legal Counsel, Inc., Speights and Micheel, Nathaniel H. Speights, Richard A. Micheel, Iverson O. Mitchell, III, and Linda P. Holman ("Legal Counsel"). The plaintiff also seeks relief from defendants Markborough Columbia, Inc., Viking Capital, Inc., Norseman Property Group, Ltd., Norseman Columbia, Inc. and Norseman Capital ("M–VP defendants"), based upon an indemnity agreement between the plaintiff and the M–VP defendants.

The M–VP defendants have filed a motion for summary judgment, claiming that the actions of Unisys materially increased the risks or prejudiced the rights of the M–VP Defendants, and therefore, the M–VP Defendants are discharged of their duties as indemnitor. The plaintiff has opposed and filed a cross motion for summary judgment, claiming that the M–VP defendants

have not met their obligation to indemnify as set forth in the Indemnity Agreement.

The following facts are set forth by the M–VP Defendants and the plaintiffs have not placed them in dispute. In March, 1987, Unisys moved from one building to another and subleased its old office space to Legal Counsel. Unisys' new landlord, the M–VP defendants, entered into an agreement with Unisys, indemnifying it against rental losses on the sublease. The term of the sublease commenced August 1, 1987, with Legal Counsel's first rent payment due February 1, 1988.

Joseph Sheedy, Manager of Unisys' Real Estate Department, was responsible for administering the sublease. Sheedy forwarded the check to Corporate Accounting with instructions to invoice Legal Counsel on a monthly basis and to advise Legal Counsel to forward their rent payments to Corporate Accounting. Sheedy subsequently transferred Legal Counsel's April and May rent to Corporate Accounting, each time with instructions to advise Legal Counsel where to send rent payments. Legal Counsel made no further rent payments after the May 1988 payment.

Under the terms of the sublease, Legal Counsel's basic rent was to increase annually according to a predetermined formula. In October, 1988 and February, 1989, Sheedy wrote to Legal Counsel advising it of the monthly rental escalation, but made no reference to the rent defaults. Sheedy assumed that Corporate Accounting was invoicing Legal Counsel each month and that Legal Counsel had paid its rent but never verified these assumptions with Corporate Accounting.

On February 16, 1989, Sheedy wrote to James Fetgatter of M–VP, advising him of the first rent increase and requesting reimbursement under the Indemnity Agreement for the shortfall payment (the difference between Unisys' rent to its landlord and the rent that Sheedy assumed Legal Counsel had been paying). However, Sheedy mistakenly notified M–VP that Legal Counsel had paid $119,488.48. In fact, Legal Counsel had only paid four months' rent, $41,454.36. Sheedy testified that when he wrote M–VP in February, 1989, he did not know Legal Counsel was not paying its rent.

In February 1989, Corporate Accounting advised Sheedy that it could find no record of Legal Counsel's rent payments. After verifying with Legal Counsel that it had paid no rent since May, 1988, Sheedy requested the assistance of Peter Allen, counsel in Unisys' Real Estate Department, who requested the payment of back rent from Legal Counsel and threatened rental acceleration and repossession.

On June 5, 1989, Sheedy again wrote to Fetgatter of M–VP requesting a second shortfall payment. Sheedy set out the amount of Unisys' rent, with Legal Counsel's sublease rent as a deduction, even though he knew at the time that rent was not being paid by Legal Counsel.

On June 13, 1989, Legal Counsel forwarded to Unisys its plan for bringing its account current, including a proposal to perform legal services in order to work off past due rent. The plan was not approved, but Legal Counsel was not notified. Legal Counsel continued to be permitted to remain in the premises.

During the summer of 1989, Sheedy phoned Fetgatter to collect M–VP's shortfall payment and mentioned that Unisys was having a collection "problem" with Legal Counsel. Sheedy did not request reimbursement or indemnification from M–VP for unpaid rent. The plaintiff contends that this mention of a problem gave M–VP notification of the rental delinquency. In August, 1989, Sheedy again wrote to Fetgatter about the second shortfall payment, but failed to mention Legal Counsel's default. In January, 1990, Allen called Legal Counsel to request that it vacate the premises, and Legal Counsel complied on March 15, 1990. Unisys brought this action against Legal Counsel on June 25, 1990, and M–VP was not notified of Legal Counsel's default until June 1, 1990.

Upon consideration of the M–VP Defendant's Motion for Summary Judgment, the Plaintiff's Opposition, the Defendant's Reply, the Plaintiff's Motion for Summary

Judgment, the Defendant's Opposition, and oral argument, it is

ORDERED that the Defendant's Motion for Summary Judgment is GRANTED and the Plaintiff's Motion for Summary Judgment is DENIED.

■ It is well established that any act on the part of an indemnitee which materially increases the risk, or prejudices the rights of the indemnitor, will discharge the indemnitor under a contract of indemnification. *General Insurance Company of America v. Fleeger*, 389 F.2d 159 (5th Cir.1968); *Jennings v. U.S.*, 374 F.2d 983, 985–86 (4th Cir.1967); *American Casualty Co. v. Idaho First Nat. Bank*, 328 F.2d 138, 142–43 (9th Cir.1964); *Hiern v. St. Paul–Mercury Indemnity Company*, 262 F.2d 526, 529 (5th Cir.1959).

■ Unisys argues that the Indemnity Agreement places no obligation upon Unisys to notify the M–VP defendants in the event of default in rental payments by the subtenant and attempts to rely on a line of authority that it suggests shows that the indemnitee has no duty to give the indemnitor notice of the debtor's default. *Kaufman v. Penn Mut. Life Ins. Co.*, 64 F.2d 160, 163 (App.D.C.1933), *cert. denied*, 289 U.S. 763, 53 S.Ct. 793, 77 L.Ed. 1506; *Greene v. Martin W. Hysong, Co., Inc.*, 193 A.2d 893, 894 (D.C.1963). However, these cases are limited to situations where the failure to give notice does not amount to a serious prejudice to the guarantor.

The case at hand extends well beyond a failure of Unisys to notify M–VP of the debtor's default. Unisys affirmatively misrepresented to the M–VP defendants that Legal Counsel had been paying rent. First, on February 16, 1989, Sheedy notified the M–VP defendants in writing that Legal Counsel had paid $119,488.48. However, (unknown to Sheedy) Legal Counsel had only paid $41,454.36. Instead of correcting this mistake, Sheedy further misled the M–VP defendants on June 5, 1989, when he wrote to M–VP requesting the amount of Unisys' rent, with Legal Counsel's sublease rent as a deduction, even though he knew at the time that rent was

not being paid by Legal Counsel. Sheedy's phone call during the summer of 1989 to M–VP where he mentioned that Unisys was having a collection problem with Legal Counsel did not clarify the past misrepresentations made by Unisys.

Unisys' misrepresentations to M–VP that Legal Counsel had been paying its rent when in fact it had been in default, Unisys' failure to take any appropriate action to follow up on the continuing non-payment of rent, and its failure to evict Legal Counsel deprived M–VP of all opportunity to mitigate its losses and prejudiced M–VP's rights as indemnitor. Therefore, M–VP's duties as indemnitor are discharged as a matter of law.