*896
 
 LAND, Justice.
 

 R. P. Farnsworth & Co., Inc., was the general contractor for the construction of the criminal courthouse and jail building in the city of New Orleans, and entered into a subcontract with the copartnership of Samuel Bird and Frederick Putfark to cover all plastering and lathing, etc., in the sum of $71,000.
 

 The subcontractors applied to plaintiff surety company for a bond in this sum in favor of the general contractor and all materialmen, laborers, and claimants, and attached to the application an indemnity agreement signed individually by Bird and Putfark, whereby each of them bound himself in solido to hold plaintiff harmless against all losses' that might arise in connection with the bond.
 

 Plaintiff executed the bond in favor of the general contractor. Bird and Putfark later defaulted in the execution of the subcontract. Plaintiff then removed its representative from the job, and placed Bird in sole charge to complete same, and defendant, thereafter, had no further connection with the work.
 

 The job was completed at a loss of $24,259.-27, which plaintiff surety company paid, and for which plaintiff sues defendant in the present case, together with the additional sum of $1,000 for attorney’s fees in prosecuting this action.
 

 Defendant answered the suit alleging that, after the work was placed in the hands of his former partner, Bird, plaintiff released defendant from any further liability on the indemnity agreement, and later defendant filed a plea of estoppel based on the actions of plaintiff through its manager, Mr. J. E. Buck.
 

 The letter upon which the plea of estoppel is based is addressed to defendant by the manager of plaintiff, and is of date April 8,1930.
 

 An extract from this letter reads as follows: “I informed you that Mr. Bird was in my office last Saturday, and I agreed to remove the Bonding Company’s representative from the job and permit the job to be run according to the ideas of Mr. Bird in view of the fact
 
 we were looleing to Mm to malee good any loss that accrues on the joh. Whether or not he win loole to you for your share of the loss,
 
 I could not say.” (Italics ours.)
 

 When Bird was placed by plaintiff in sole charge of the work in February, 1930, an assignment was made to plaintiff of all money due Bird and Putfark by R. P. Farnsworth & Co., general contractor, amounting to the sum of $22,000. This assignment was made first by Bird, and was not ratified by defendant for more than a month later, during which period defendant was protesting about the extravagant manner in which the work was being done and the needless expense incurred.
 

 At the time of the assignment in February, 1930, there was no loss. The item set forth in plaintiff’s petition, and alleged to he losses, all bear date a year later, in 1931, during which period the work had been under the supervision of plaintiff or of Bird.
 

 After defendant received from plaintiff the letter of April 8, 1930, stating that plaintiff was looking to Bird “to make good any loss that accrued on the job,”, defendant was lulled into a sense of security against any demand by plaintiff against him for such loss, and thereafter made no further protest, paid
 
 *898
 
 no more attention to the matter, and did nothing to protect himself against loss.
 

 Defendant, therefore, took a position that he would not have taken, except for this letter, and plaintiff, having induced him to take this position to his injury, is now estopped from making any claim against defendant.
 

 The general rule of law with reference to estoppel is concisely stated in Bradford-Kennedy Co. v. Brown, 152 La. 38, 92 So. 723, 726, as follows: “It is well settled that, when a person has done or said something with intent to influence the dealings of another, and the other has acted upon the faith of it, the former ought not to he permitted to change it to the injury of the latter.”
 

 2. The bonding company is seeking in this suit to be indemnified for the losses and expenses which it claims to have incurred by reason of signing the bond for Putfark and Bird. It is a general rule of law that any act on the part of an indemnitee which materially increases the risk, or prejudices the rights, of the indemnitor, will discharge the indemnitor under the contract of indemnity. C. J., vol. 31, page 443, par. 42, caption 10. .
 

 The manager of the bonding company, by writing the letter in question, undoubtedly led defendant to believe that he would not be called upon to make good any loss and expense under the indemnity contract, and caused him to believe that there was no further need for him to look after and protect his interest in the fund assigned to the bonding company, and that there would be no occasion for him to concern himself about the manner in which the work was completed under the supervision of Bird. Defendant had a vital interest in protecting his interests in this respect
 

 3. It is contended by counsel for plaintiff that the manager of the bonding company had no authority to release Putfark on his indemnity contract. It appears, however, that the manager had full charge of the affairs of the company in this state, and also had full control of the transactions in connection with the completion of the work, and his acts were ratified and approved by the bonding company by the paying of drafts drawn on its manager. The bonding company cannot now be heard to repudiate the acts of its manager which operate against its interest and, at the same time, adopt and approve the other acts of its manager which inured to its benefit.
 

 “A principal cannot be allowed to disavow the act of his agent for one purpose, while he adopts them for another.” Bradford-Kennedy Co. v. Brown, 152 La. 38, 92 So. 723, 726.
 

 Judgment affirmed.