PONDER, Justice.
 

 The plaintiffs in this suit seek the cancellation of certain oil and gas leases. The basis of the suit is lack of adequate
 
 *727
 
 development, and in event the court found that. there was adequate development the return from the lease was not in .paying quantity.
 

 During the year 1925 Mrs. Betty Scott Youree and several others owned a tract of land in the Parish of Caddo containing 2,340 acres. On July 8, 1925 they, the owners of the land, executed an oil, gas and mineral lease on the land to D. C. Richardson. There were various assignments made with reference to this lease. However, in the year 1928 the Simplex Oil Company, Inc., one of the defendants herein, obtained title to the entire lease on this property. Previous to the time the Simplex Oil Company, Inc., acquired the entire lease the previous lease holders had drilled ten wells On the property, five wells resulting in dry holes, four wells producing oil' and one well producing gas. The Simplex Oil Company, Inc., drilled a well on the property in 1929, drilled another-well in, 1931, drilled another well in 1933 and drilled another well in 1934. The royalty owners received royalties from the producing wells in the year 1935 in the amount of $494.94 and in the year 1936 the royalty owners received royalties in the amount of $442.63. The drilling operations prior to and through the year 1936 were confined to section 13 with a possible exception of one or two wells. The plaintiffs herein, having acquired the fee title and title to all of the mineral rights except a small portion from Mrs. Betty Scott Youree and others, not being satisfied with the development of the property, made a demand on the Simplex Oil Company, Inc., for adequate development on October 31 and November 4, 1936. The letters demanding adequate development read as follows:
 

 “Shreveport, La.,
 

 “October 31, 1936
 

 “Simplex Oil Co.,
 

 “Slattery Building,
 

 “Shreveport, La.
 

 “Gentlemen:
 

 “Dr. T. B. Tooke, John Glassell, Jr., John Glassell, Sr., Z. B. Belk, Newt Smith, T. B. Self, A. C. Glassell and W. H. North have employed the undersigned to demand an adequate development of their property which you have under assignment from D. C. Richardson, administrator - for D. C. R. Oil Company, embracing approximately 2000 acres located in Caddo Parish, Louisiana, and upon your failure to so develope the property, to take the necessary legal action for the cancellation of your lease covering this land.
 

 “Accordingly, demand is made upon you to start the necessary drilling operations within thirty days from date of this letter, or in lieu thereof, to supply us with the necessary documents or release; otherwise, suit will follow.
 

 “Yours very truly
 

 “H. V. Booth.”
 

 “November 4, 1936
 

 “Simplex Oil Company,
 

 “Slattery Building,
 

 “Shreveport, La.
 

 “.Gentlemen:
 

 “Supplementing our letter to you of October 31st, 1936, I wish to advise that we have also been retained by L. R. Kirby and A. C. Yarborough to demand an ade
 
 *729
 
 quate development of their property which you have under assignment from D. C. Richardson as per our letter to you.
 

 . “Accordingly, demand is made upon you to start the - necessary drilling operations within thirty days from date of this letter, or in lieu thereof, to supply us with the necessary documents or release; otherwise, suit will follow.
 

 “Yours very truly
 

 “Harry V. Booth.”
 

 On November 17, 1936 the Simplex Oil Company, Inc., in a letter to the plaintiffs answering the demands made by them stated:
 

 “Shreveport, La.
 

 “November 17, 1936.
 

 “Mr. Harry V. Booth,
 

 “630 Giddens-Lane Bldg.,
 

 “Shreveport, Louisiana.
 

 “Dear Mr. Booth:
 

 “Your letter of October 31, together with your supplemental letter of November 4, 1936, has been duly received.
 

 “We feel that we have in every way carried out our obligations under the lease which we hold on the property referred to in your letters.
 

 “In fact, we feel that our development of this property has been far beyond the actual requirements under this lease, and circumstances surrounding this property.
 

 “However, in order to please your clients and evidence the fact that we desire in every way to continue to develope this property to the best interest of all concerned, we have decided to immediately make location and commence operations for the drilling of an additional well to be located in either Section 7, or Section 18, Township 20 North, Range 14 West.
 

 “Yours very truly
 

 “Simplex Oil Company, Inc.
 

 “By Victor Wenzel
 

 “President.”
 

 The Simplex Oil Company, Inc., began drilling operations on November 21, 1936, within 30 days after receipt • of plaintiffs’ demands. It appears that shortly thereafter when the well was being completed it blew out, resulting in a wild gas well. The Simplex Oil Company, Inc., began drilling a relief well in December 1936 which was completed in January 1937 resulting in a commercial gas well. Shortly before the institution of this suit, which was filed on February 15, 1937, the Simplex Oil Company, Inc., began drilling another well which was completed after this suit was filed. This last well resulted in a gas producer. It appears that the Simplex Oil Company, Inc., has expended over $30,000 on the three last drilled wells.
 

 The plaintiffs in this suit seek the cancellation of the lease and ask that the property be declared free of the lease. The plaintiffs seek $2,000 as attorney’s fees and $26,000 as damages for, the defendants’ failure to cancel the lease and release the property from the operation of it. In the alternative the plaintiffs pray that a reservation of not more than ten acres around each producing well be granted the defendants, or further that the lease should be cancelled as against all the property except that embraced in section 13. The defendants interposed exceptions of no cause
 
 *731
 
 or right of action which were overruled by the trial court. The defendants filed a plea of estoppel. The basis of the plea of estoppel is that the defendant Oil Company complied with the demand made by the plaintiffs. The plea was referred to the merits by the trial court. On trial of the merits the lower court rendered judgment rejecting plaintiffs’ demands. The plaintiffs filed a motion for a new trial and filed a plea of prescription to the effect that the noncontiguous sections of the property involved in the lease had not been drilled on or any production had. for more than ten years. On trial of the motion for a new trial and the plea of prescription the lower court rendered judgment to the effect that its original judgment was correct with the exception that the noncontiguous tracts of land set out in the plea of prescription were disclaimed and ordered the cancellation of the lease in so far as it affected that particular part of the property. The plaintiffs have appealed.
 

 The plaintiffs contend that there has not been adequate development on the property and that if there was adequate development the return from the lease is not in a paying quantity.
 

 It will not be necessary for us to discuss the plaintiffs’ contentions in view of the fact that the plea of estoppel, is well founded. The plaintiffs made a demand on the defendant Oil Company to begin drilling operations within thirty days which was complied with by the defendants. Not only did the defendants begin drilling operations within thirty days but they drilled three wells within a short time securing production, thereby increasing the production on the property. This suit was instituted in the midst of the drilling operations of the third well. The defendants produced testimony which was not contradicted that they had expended more than $30,000 in these drilling operations after the plaintiffs’ demand was made. The plaintiffs in their demand on the defendant interpreted their own contract. In the letters from the plaintiffs’ counsel to the defendant Oil Company wherein demand was made for adequate development it is set out what is required of the defendant to comply with t-his demand, viz: to start drilling operations within thirty days. The defendant Oil Company began the drilling operations within thirty days, thereby complying with the plaintiffs’ demand. The plaintiffs having stated in their demand what was necessary to comply with the provisions of the lease and the defendants having acted thereon, the plaintiffs would not now be permitted to change their position to defendants’ injury. United States Fidelity & Guaranty Company v. Putfark, 180 La. 893, 158 So. 9.
 

 For the reasons assigned, the judgment is affirmed at appellants’ cost.