10 So.2d 790

BROCK et al. v. BLACK, ROGERS & CO., Limited.

No. 35975.

Nov. 4, 1942.

Dufour, St. Paul & Levy and Montgomery, Montgomery & Fenner, all of New Orleans, for plaintiff and appellant.

Kenneth C. Barranger, of New Orleans, for defendant and appellee.

PONDER, Justice.

The State Bank Commissioner, in charge of the Hibernia Bank and Trust Company in Liquidation, brought this suit against Black, Rogers & Company, Ltd., seeking to recover the sum of $3,435.58, attorneys' fees and interest.

The Hibernia Bank and Trust Company entered into a written lease with the defendant on July 29, 1932, for the Rooms Nos. 1217 to 1226, inclusive, of the Hibernia Bank Building, for a period of twelve months, commencing October 1, 1932, and ending September 30, 1933, at a monthly rental of $601.50 to be paid monthly on the first day of October, 1932, and on the first day of each and every

succeeding month thereafter. On May 20, 1933, the Hibernia Bank & Trust Company was taken over by the State Bank Commissioner for liquidation. At the time the Bank·was taken over for liquidation, the defendant had not paid the rent for the months of February, March, April and May, 1933, amounting to $2,406. After the bank was taken over for liquidation, the defendant continued to occupy the leased premises during the months of June, July, August and September, 1933, and has not to this time paid the rent for those months, amounting to $2,406 less a credit of $5 subsequently paid on the rent. On the same day that the bank was placed in liquidation, the liquidator declared a dividend of 43% to all depositors and creditors of the bank. The defendant was paid $16,307.97, representing 43% of its deposits in the bank.

It appears that there was some controversy between the liquidator of the bank and the defendant as to whether or not the defendant was entitled to an offset against its deposits for the amount of $2,406, representing the amount of rent due for the months of February, March, April and May, 1933, which became due prior to the time the bank was placed in liquidation. It also appears that there was some controversy as to whether or not the defendant would be entitled to an offset for the rent for the months of June, July, August and September, 1933, which became due after the bank was placed in liquidation.

When the defendant, on May 20, 1933, was paid the $16,307.97, representing a divi-

dend of 43% of its total deposits in the bank, the offset or compensation for the rent due prior to the time the bank was placed in liquidation and subsequent thereto was not considered in figuring the dividend.

On May 29, 1936, the defendant wrote two letters to the liquidator of the bank as follows:

"Referring to the controversy as to the rent claimed to be due by the undersigned for the months of June, July, August and September of 1933, we beg to enclose our check for $5 to apply equally on each of the four months, with the understanding, however, that this payment is made solely to interrupt prescription that would otherwise accrue, without prejudice to our rights to assert compensation for offset of said rent against our frozen deposits.

"In other words, payment is made solely to interrupt prescription, and not as an acknowledgment of liability. Kindly confirm.

"Very truly yours,
"Black, Rogers & Co., Ltd.
"(Sgd.) Chas. H. Black
"President"

"In reference to the controversy regarding the payment of our rent for the months of February, March, April and May 1933, and your claim for restitution of 43% dividend over paid on May 20, 1933, please be advised we hereby formally waive our rights to assert any plea of prescription against any demand you may make for restitution of the 43% claimed to have been overpaid; and we further

waive, renounce and abandon any prescription that may accrue on this rent claim, reserving all our rights in reference to our previous asserted claim for offset.

"Yours very truly,

"Black, Rogers & Co., Ltd.

"Chas. H. Black

"President"

On April 30, 1937, the liquidator of the bank wrote the following letter to the defendant:

"The Supreme Court of Louisiana by a decision rendered February 1, 1937, in the matter entitled 'J. S. Brock et al vs. Pan American Petroleum Corporation' #34063, has denied the right to offset deposits against rents due subsequent to May 20, 1933, the date that the Hibernia Bank & Trust Company was placed in liquidation.

"You are indebted to the Hibernia Bank & Trust Co., in liquidation, for rent due for the months of February, March, April, May, June, July, August and September 1933, at the rate of $601.50 per month.

"By the terms of your lease, you have agreed to pay 10% attorneys fees. However, if full settlement of this claim is amicably made prior to May 10, 1937, our Attorneys have agreed to waive their fee.

"In view of the above decision, no offset can be allowed for the months of June, July, August and September, 1933, since this became due subsequent to May 20, 1933. For the months of February, March, April and May, you will be permitted an offset of same since this became due prior to May 20, 1933, but in order to do so, it will be necessary that you pay, in cash, the sum of $1,034.58, which is the amount necessary to reconstruct your balance of the date that this rent became due.

"For your convenience, we have attached hereto a statement showing

"(1) the amount due for the rent which became due subsequent to May 20, 1933, and

"(2) the amount which must be paid to reconstruct your account in order to effect an offset on the rent which became due prior to May 20, 1933.

"We ask that you give this matter your immediate attention and forward check to cover to Mr. R. F. Schwaner, Building Manager, Hibernia Bank Building.

"Yours very truly

"Hibernia Bank & Trust Co.,

"In Liquidation.

"By: —————

"Hibernia Bank Building

"April 30, 1937

"Black, Rogers & Co.,

"Rent due—June thru Sept 1933,
@ $601.50 ................. $2,406.00
5/30/36 less payment made to
prevent prescription........ 5.00
————
$2,401.00
Amount necessary to reconstruct your account........ $1,034.58
————
$3,435.58"

On December 15, 1937, the present suit was instituted. In this suit, the plaintiff is seeking to recover from the defendant $1,034.58, which it is claimed the defendant

was paid through error. The plaintiff claims that when the defendant was paid the dividend of $16,307.97, the offset, through error, was not taken into consideration. It is claimed that the offset of $2,406 should have been deducted from the defendant's total deposits in the bank, and that the dividend should have been computed on the balance, which would make the defendant entitled to an amount of $1,034.-58 less than what was actually paid it. It is contended that the defendant was overpaid in this amount through error and should be adjudged to return it to the plaintiff. The plaintiff is also asking for a judgment in the amount of $2,406, representing the rent for the months of June, July, August and September, 1933, due after the bank was placed in liquidation, less a credit of $5 paid on the account, plus interest and attorneys' fees.

In its answer, the defendant takes the position that it owes the plaintiff nothing; that it never received the $16,307.97; that the computation of the dividend was erroneous; that the check of $5 applied to the rent notes had been wrongfully applied thereto, and asks that the suit be rejected at plaintiff's cost.

Upon trial, the lower court gave judgment condemning the defendant to pay the plaintiff $2,401, interest and attorneys' fees and rejected the plaintiff's claim for the return of $1,034.58, alleged overpaid.

The plaintiff has interposed a plea of of the judgment rejecting its claim for $1,034.58, and the defendant has interposed cross errors under the provisions of Articles 888 and 890 of the Code of Prac-

tice, asking that the judgment be reversed insofar as it condemns it to pay the plaintiff $2,401, interest and attorneys' fees. The case is now submitted for our determination.

The plaintiff has appealed from that part estoppel in this Court.

The defendant contends that the rent for the months of February, March, April and May, 1933, was not compensated and that it has now prescribed.

Counsel for the defendant in his argument before this Court conceded that the judgment is correct insofar as it condemns the defendant to pay the plaintiff the $2,-401, interest and attorneys' fees, representing the rent due for the months of June, July, August and September, 1933. This concession having been made, the only question presented for our determination is whether or not the judgment of the lower court should be amended so as to condemn the defendant to pay the plaintiff the $1,034.58, alleged to be an overpayment.

From the record in this case and especially the letters written by the defendant, quoted above in this opinion, it appears that the defendant has consistently contended, prior to this suit, that it was entitled to the offset of $2,406, representing the rent due for the months of February, March, April and May, 1933, against his deposits in the bank. The plaintiff has, prior to this suit and in this suit, recognized and allowed the defendant's claim for the offset. In fact, the suit itself is based on the ground that the offset was allowed.

From the defendant's action, claiming the offset, it obtained the benefit of the offset from the plaintiff, and it would be manifestly unfair and unjust to permit it, at this time, after the rent notes have in all probability prescribed, to change its position. If the plaintiff had not been misled by the defendant's claim for an offset, the plaintiff would have sought to collect the amount due on the rent notes, which would have resulted in the defendant's having to pay some $1,366.42 more than the plaintiff is now seeking to recover. In other words, the defendant stands to gain by the transaction $1,366.42 more than the plaintiff is now demanding. Under such circumstances, the defendant is clearly estopped from attacking the offset that was allowed it.

"It is well settled that, when a person has done or said something with intent to influence the dealings of another, and the other has acted upon the faith of it, the former ought not to be permitted to change it to the injury of the latter." Bradford-Kennedy Co. v. Brown, 152 La. 29, 92 So. 723, 726. Also see: United States Fidelity & Guaranty Co. v. Putfark, 180 La. 893, 158 So. 9; State ex rel. Porterie et al. v. Gulf, Mobile & N. R. Co., 191 La. 163, 184 So. 711; Tooke et al. v. Simplex Oil Co., Inc., 191 La. 726, 186 So. 83; Jackson et al. v. United Gas Public Service Co. et al., 196 La. 1, 198 So. 633.

Having arrived at the conclusion that the defendant is estopped from attacking the offset, it is unnecessary for us to go into the question of whether the offset was proper or improper at the time it was allowed.

For the reasons assigned, the judgment of the lower court is amended so as to condemn the defendant to pay the plaintiff the additional sum of $1,034.58, representing the over-paid part of the dividend, and as thus amended, the judgment is affirmed at the defendant's cost.

ROGERS, J., absent.