Livingston S. HIERN, Appellant,

v.

ST. PAUL–MERCURY INDEMNITY COMPANY, Appellee.

No. 17141.

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1959.

Rehearing Denied Feb. 23, 1959.

Andrew P. Carter, New Orleans, La., for appellant.

Carl J. Schumacher, Jr., Allen R. Fontenot, New Orleans, La., for St. Paul-Mercury Indemnity Co., appellee. Lemle & Kelleher, New Orleans, La., of counsel.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Louisiana granting the plaintiff's motion for summary judgment in a suit on a contract of indemnity.

■ Plaintiff, appellee here, contracted as surety for appellant and appellant's co-venturer, one Waterman, in connection with certain realty development contracts. Appellant and his co-venturer executed general contracts of indemnity under the terms of which he and Waterman bound themselves jointly and severally to indemnify appellee against any and all liability or expense which appellee should sustain in consequence of having executed and issued the surety agreements.

Subsequently appellee became liable for and paid $65,528.44, under the surety bonds. Thereafter, on November 28, 1955, appellant and appellee entered into a contract settling appellant's liability as indemnitor. The contract recited that under the indemnity agreements Hiern had become jointly and severally obligated with Chapman to indemnify appellee in the amount of $65,528.44, and it provided that appellant would discharge his liability by paying one-half of that amount in eighty-two monthly installments, but if he failed to pay three consecutive installments he would be obligated to pay the entire sum of $65,528.44.

He failed to pay any of the installments and appellee sued on the contract for the full amount. Appellant failed to answer the complaint and a default judgment was entered against him. Later, however, he successfully moved to have the default judgment set aside. After he filed an answer to the complaint appellee moved for and was granted a summary judgment for $65,528.44, subject to credits thereon for any amounts paid to appellee by appellant or by Waterman.

Appellant attacks the summary judgment on the ground that his answer raised issues of fact which demanded a trial. Appellee contends, on the other hand, that these allegations did no more than raise issues of law, namely affirmative defenses to appellee's suit. Moreover, appellee contends, these defenses are insufficient in law.

■ The allegations in question were to the effect that sometime before the second contract was signed appellant informed appellee that Waterman was wrongfully diverting to his personal use a considerable amount of the construction payments due under the contracts on which appellee was surety; that appellee responded that it was taking action to prevent this, but that it actually did not do so; that both before and at the time of the making of the second contract on November 28, 1955, appellee assured appellant that it *had done* and

would do all it could do to recover the money and assets misappropriated by Waterman; that appellant relied upon these representations and was induced by them to sign the contract with appellees; and that these representations were false.

Appellant contends that appellee's allegedly false representations relieved him of his liability under the original indemnity agreements. If this is correct, and we hold that it is for reasons hereafter stated, then they constituted material misrepresentations of fact which vitiate the second contract, inasmuch as that contract was expressly entered into on the assumption that Hiern's liability under the original agreements was still subsisting, and this premise was based in part on appellee's misrepresentations.

■ It therefore follows that appellant should have a chance to prove the truth of these allegations. There is no question as to the admissibility of evidence of these representations despite the fact that there is no mention of them in the written contract. The applicable law in this case is that of Louisiana, and that law is that evidence of misrepresentation which induced the formation of a contract is not excluded by the parol evidence rule. Overby v. Beach, 1951, 220 La. 77, 55 So.2d 873, 880.

If the contract of November 28, 1955, is thus proven unenforceable and the parties are relegated to their rights and duties under the indemnity agreements, appellee must again meet appellant's claim that by virtue of its misrepresentations and its failure to pursue the misappropriated assets, when appellant has the right to rely on its doing so, appellee increased appellant's risk and liability as indemnitor and is thus barred from its rights under the contracts of indemnity.

■ Appellee maintains that its failure to pursue these assets did not discharge appellant's liability because no duty to take such action was imposed on appellee either by the terms of the agree-

ment or by the general law of indemnity. Citing Fidelity & Deposit Co. of Maryland v. O'Bryan, 1918, 180 Ky. 277, 202 S.W. 645, L.R.A.1918E, 574, appellee asserts that it was the business of appellant to resort to such action if he desired to protect himself. However, the very authority cited by appellee states explicitly that an appropriate procedure for the indemnitor to follow is to request the surety-indemnitor to institute legal proceedings in lieu of instituting such proceedings himself. This, in fact, is exactly what appellant alleges he did.

We think it is clear, therefore, that if, as is alleged, appellee's failure to act, after promising it would do so, permitted appellant's co-indemnitor to dispose of misappropriated assets while appellee was making repeated representations that it was doing and would do everything possible to secure these assets, then this case falls within the "general rule of law that any act on the part of an indemnitee which materially increases the risk, or prejudices the rights, of the indemnitor, will discharge the indemnitor under the contract of indemnity." United States Fidelity & Guaranty Co. v. Putfark, 1934, 180 La. 893, 158 So. 9, 10.

Appellee asserts that appellant must have known exactly what had been done by appellee at the time he signed the contract because of his status as appellee's principal, and because he admits he was told how much had been recovered as of that date. The extent of appellant's knowledge of the facts is not conclusively revealed by this record, however. Hence this is a matter which is open to appellee to prove upon the trial, but it is not a question which can be decided by summary judgment. See Benedict v. Rue, 5 Cir., 260 F.2d 97.

Appellee raises the further objection that appellant's defense is only raised by his pleading, which was not verified by Hiern himself and was not accompanied by any supporting affidavits or other documents. However, in order for a party opposing summary judgments to establish that there are genuine issues of fact, it is not necessary in every case for the party to verify his pleadings,[1] nor is it mandatory that he file affidavits or other supporting documents. Rule 56(c), Fed.Rules Civ.Proc., 28 U.S.C.A. The cases cited by appellee involved attempts by parties to defeat motions for summary judgment by denying, through the medium of unsworn or general allegations in their pleadings, facts alleged and sworn to in detail by the moving party. E.g., Williams v. Kolb, 1944, 79 U.S.App.D.C. 253, 145 F.2d 344. That situation does not exist here. Appellant has not raised triable issues by controverting appellee's allegations, but rather by alleging new facts which raise a defense. On a motion for summary judgment, the pleadings of the opposing party must be taken as true, unless by the admissions, depositions or other material introduced it appears beyond controversy otherwise.[2] Moreover, in this case the surety's motion for summary judgment was the simple and direct one that appellant's answer did not, as a matter of law, set up a valid defense; it was not the assertion, with supporting affidavits, that such defensively pleaded "facts" were nonexistent as a matter of law.

Finally, appellee states that if the order granting the summary judgment cannot stand, we should nevertheless affirm the relief granted below because of appellant's failure to present a meritorious defense or to show lack of

---

1. See Rule 11, Fed.Rules Civ.Procedure; Moore's Federal Practice ¶ 56.11 [3] (Rev. ed.).

2. McCombs v. West, 5 Cir., 1946, 155 F. 2d 601. Even statements made *orally* by counsel are proper material for con-sideration by a court deciding on a motion for summary judgment. See Creel v. Lone Star Defense Corp., 5 Cir., 1949, 171 F.2d 964, 967, reversed on other grounds 339 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017; cf. Whitaker v. Coleman, 5 Cir., 1940, 115 F.2d 305

**530**

service or excusable neglect when he moved to have the default judgment vacated. The disposition of a motion to open a default judgment is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court. See Moore's Federal Practice ¶ 55.10 [4] (Rev. ed.). We are unable to say that the district court abused its discretion in accepting appellant's excuse for failing to present a meritorious defense when he presented his motion, or that it erred in believing the appellant's sworn version of the facts rather than the version presented by appellee's affidavit.

The order and judgment of the district court are reversed and the case is remanded for further proceedings not inconsistent with this opinion.