STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-824


RAYMOND CHARLES, SR.

VERSUS

TOWING AND RECOVERY PROFESSIONALS OF LOUISIANA, INC., ET

AL.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20074857, DIV. F
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, Billy Howard Ezell, J. David Painter, and Phyllis M. Keaty, Judges.


**REVERSED IN PART AND RENDERED.**

Cooks, J., dissents.


**Bennett Boyd Anderson, Jr.**
**Anderson & Dozier**
**P. O. Box 82008**
**Lafayette, LA 70598-2008**
**(337) 233-3366**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Raymond Charles, Sr.**

**Larry S. Bankston**
**Jenna H. Linn**
**Bankston & Associates, LLC**
**8708 Jefferson Hwy, Suite A**
**Baton Rouge, LA 70809**
**(225) 766-3800**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Towing and Recovery Professionals of Louisiana Trust**

**EZELL, Judge.**

Towing and Recovery Professionals of Louisiana Trust appeals a judgment of the trial court finding that it was estopped from raising the defense of no right or no cause of action. It argues that it is a public liability trust and not an insurer, and therefore there is no right to bring a direct action against it under La.R.S. 22:1269. It also claims that the trial court erred in awarding Plaintiff interest from the date of judicial demand.

## FACTS

Raymond Charles was severely injured when a tow truck owned by J.C.'s Wrecker Service, Inc. rear-ended his vehicle on September 14, 2006. Mr. Charles filed suit on September 7, 2007, against J.C.'s, the driver of the tow truck, and Towing and Recovery Professionals of Louisiana (TRPL) Trust incorrectly named as 'Towing and Recovery Professionals of Louisiana, Inc.'. In the petition, Mr. Charles alleged that TRPL Trust was an insurer doing business in Louisiana and had in full force and effect a policy of general liability insurance insuring the tow truck.

TRPL Trust answered the appeal asserting that its correct name was Towing and Recovery Professionals of Louisiana Trust. However, it also admitted that it was an insurer and that it issued an insurance policy to J.C.'s.

On May 24, 2010, TRPL Trust filed a notice in the record that it had filed a petition for Chapter 11 bankruptcy in federal court on May 17. On November 15, 2010, TRPL Trust filed a notice of removal to federal court. In response, Mr. Charles filed a motion to remand, which was granted by the federal court on February 17, 2011. Mr. Charles then filed a motion for summary judgment on liability and insurance coverage on June 22, 2011. On June 29, 2011, TRPL Trust filed an

exception of no right or no cause of action alleging that it is not an insurance company and is not subject to the Louisiana Direct Action Statute.

A hearing was held on August 22, 2011. Mr. Charles's motion for summary judgment on the issue of liability was granted but was denied as to insurance coverage.

A hearing was held on February 6, 2012, on TRPL Trust's exception of no right or no cause of action. The trial court agreed that TRPL Trust was a trust and not an insurer. However, the trial court ruled that TRPL Trust was estopped from claiming an exemption from direct action and denied its peremptory exception of no right or no cause of action. Judgment denying the exception was signed on February 12, 2012.

At the same hearing, the court received evidence concerning Mr. Charles's injuries. After considering the evidence presented by Mr. Charles, the trial court awarded him $400,000 plus costs and interest from the date of judicial demand until paid. Judgment against J.C.'s, the tow truck driver, and TRPL Trust was signed on March 8, 2012. TRPL Trust then filed the present appeal.

## RIGHT TO BRING A DIRECT ACTION

TRPL Trust argues that the trial court erred in denying its exception of no right of action and rendering judgment directly against it. TRPL Trust asserts that it is a public liability trust, not a licensed insurer, and that the Louisiana Direct Action Statute is not applicable to Mr. Charles's claims.

The Louisiana Direct Action Statute refers to a right of direct action, and a defendant challenging a plaintiff's right to proceed under the Louisiana Direct Action Statute should do so by means of an exception of no right of action. *Vincent v. Penrod Drilling Co.*, 372 So.2d 807 (La.App. 3 Cir.), *writ denied*, 375 So.2d 646 (La.1979); *Diamond v. Progressive Sec. Ins. Co.*, 05-820 (La.App. 1 Cir. 3/24/06),

2

934 So.2d 739. "Without enabling legislation, the right to direct action does not exist." *Logan v. Hollier*, 424 So.2d 1279, 1281 (La.App. 3 Cir. 1982).

The supreme court explained the appellate review of a ruling on an exception of no right of action in *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 20-2289, pp. 6-7 (La. 10/25/11), 79 So.3d 246, 255-56:

> "The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008–0215, p. 17 (La.12/2/08), 5 So.3d 819, 829. An appellate court reviewing a lower court's ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *Id.*

Whether a person has a right to bring an action raises a question of law. *Id.* "A question of law requires a *de novo* review." *Id.* at 256.

At the time of the accident in 2006, La.R.S. 22:46(9)(d)[1] clearly provided that public liability trust funds established by professional associations are not insurance as follows:

> The establishment and operation of one or more professional, trade, and occupational or public liability trust funds by professional associations in this state for the purpose of providing a means by which professional malpractice and public liability claims or judgments arising from such claims against members of the associations shall be paid or settled shall not be deemed to be insurance, and the trust shall not be deemed to be a licensed, admitted, or authorized insurer but shall be subject to Subpart E of Part III of Chapter 2, Part IV of Chapter 7, and Chapters 8 and 12 of this Title.

The Louisiana Direct Action Statute, La.R.S. 22:1269, is found in Part IV of Chapter 4, not one of the sections that a professional, trade and occupational, or public liability trust fund was subject to at the time of the accident.

---

[1] In 2010, La.R.S. 22:46(9)(d) was amended to provide that after twelve noon on October 1, 2010, a public liability trust fund is now deemed insurance subject to the provisions of the insurance code.

TRPL Trust was established as a public liability trust on February 25, 2004. The agreement to act as a public liability trust was filed with the Commissioner of Insurance. As such, it was not subject to the Louisiana Direct Action Statute.

Recognizing that TRPL Trust is a public liability trust not subject to direct action, Mr. Charles argues that TRPL Trust is estopped from any argument that it is a public liability trust not subject to direct action because of its prior representations, judicial admissions, and litigation tactics. Specifically, Mr. Charles claims that TRPL Trust repeatedly admitted that it was an insurer. He also claims that it utilized its status as a direct action insurance company defendant to file a stay in the trial court due to bankruptcy proceedings and to remove the present action to federal court.

Equitable estoppel is a jurisprudential doctrine in which the voluntary conduct of a party precludes him from asserting rights against another party who has justifiably relied on such conduct to change his position so that he will suffer injury if the first party is allowed to retract his conduct. *MB Indus., LLC v. CNA Ins. Co.*, 11-303, 11-304 (La. 10/25/11), 74 So.3d 1173. "Strictly speaking, equitable estoppel applies only where a party has made false or misleading representations of fact and the other party justifiably relied on the representation." *Id.* at 1180. "There are three elements required to establish equitable estoppel: (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of the reliance." *Id.* Equitable estoppel is not favored in the law and is a "doctrine of last resort". *Id.* at 1181. "Equitable considerations and estoppel cannot prevail in conflict with the positive law." *Gunderson v. F.A. Richard & Assocs.*, 09-1498, p. 15 (La.App. 3 Cir. 6/30/10), 44 So.3d 779, 789.

While it is true that TRPL Trust admitted it was an insurer, it also stated that its correct name is "Towing and Recovery Professional of Louisiana Trust" in its initial

4

answer to the petition for damages. In his petition, Mr. Charles had referred to it as "Towing and Recovery Professionals of Louisiana, Inc." This should have put Mr. Charles on notice of the trust status. While TRPL incorrectly admitted that it was an insurance company, there is no indication that TRPL Trust purposefully misled Mr. Charles. On October 12, 2007, Plaintiff was provided a copy of the coverage agreement which evidenced that TRPL Trust was not covered by LIGA in the event of insolvency and also described how legal action could be taken against TRPL Trust.

If Mr. Charles had never filed suit against TRPL Trust, it still would have been in bankruptcy proceedings by May 2010, prior to the trial of matter. On November 16, 2009, Mr. Charles filed an unopposed motion to re-fix the trial scheduled for January 11, 2010. The trial was then re-fixed to July 6, 2010. By the time of the new trial date, TRPL Trust was already in bankruptcy proceedings. It was Plaintiff himself that rescheduled the original trial date.

On March 25, 2010, J.C.'s and the driver of the tow truck filed an unopposed motion to continue and re-fix for trial because Mr. Charles had undergone additional back evaluations and additional testing had been recommended. Anticipating additional discovery after the testing, both parties requested a trial date in 2011 due to conflicts by both parties with the dates available in 2010. Trial was then set for January 10, 2011.

In the meantime, TRPL Trust had the case removed to federal court. Mr. Charles's motion to remand was set for January 20, 2011, so the case was rescheduled. Following the remand, the case was set for trial on September 6, 2011. Following the filing of Mr. Charles's motion for summary judgment and TRPL Trust's exception of no right or cause of action, J.C.'s and the tow truck driver filed an unopposed motion to continue trial because Mr. Charles did not timely provide them with the written

5

reports prepared by Mr. Charles's non-medical witnesses. Trial was then set for February 6, 2012, at which time the exception of no right or no cause of action was heard and ruled upon. Due to stipulation of counsel, Mr. Charles submitted his evidence on damages with the trial court taking the matter under advisement.

As can be seen, trial of this matter was delayed due to conflicts and further testing. If trial had proceeded on July 6, 2010, as re-fixed by Mr. Charles, TRPL Trust would have already filed for bankruptcy. Furthermore, Mr. Charles still has a judgment against J.C.'s and the driver of the tow truck. This is the same position he would have been in if the TRPL Trust had filed an exception of no right of action in the beginning. Therefore, we sustain TRPL Trust's exception of no right of action.

Our decision on the exception pretermits our consideration of the issue of the award of interest from the date of judicial demand.

For the foregoing reasons, judgment of the district court denying Towing and Recovery Professionals of Louisiana Trust's exception of no right of action and rendering judgment against it is reversed. Judgment is rendered in favor of Towing and Recovery Professionals of Louisiana Trust and against Raymond Charles, sustaining the peremptory exception of no right of action and dismissing Raymond Charles's claims against it. All costs of this appeal are assessed to Raymond Charles.

**REVERSED IN PART AND RENDERED.**

RAYMOND CHARLES, SR.

VERSUS

TOWING AND RECOVERY PROFESSIONALS OF LOUISIANA, INC., ET AL.

**Cooks, J. Dissents.**

Raymond Charles (Plaintiff) was awarded $400,000.00 in damages, plus costs, and interest from date of judicial demand, for injuries sustained in an accident with a tow truck owned by J.C.'s Wrecker Service, Inc. (J.C.'s). That judgment is not before us on appeal.

The majority recognizes the following individual facts. Towing and Recovery Professionals of Louisiana Trust (Towing and Recovery): (1) Admitted in judicial pleadings that it was an insurer; (2) represented in judicial pleadings it issued a general liability insurance policy which it judicially admitted covered J.C.'s tow truck; (3) used its feigned status as a direct action insurance company as the basis to attempt removal of the case to federal court; and (4) used its feigned status as a direct action insurance company to file a stay in the trial court when it filed federal bankruptcy proceedings. Nevertheless, the majority finds the trial court erred in finding Towing and Recovery is estopped from claiming exemption from the direct action statute because it is a trust not an insurer. I disagree.

The trial court properly denied Towing and Recovery's exceptions of no right of action and no cause of action. The trial court found that as matter of law Towing and Recovery is a trust, not an insurer.[1] The trial court properly ruled, in

---

[1] The issue regarding the trust's status has been resolved by subsequent legislation. *See* La.R.S. 22:46(9)(d), which now provides such trusts "shall be deemed to be insurance and such trust or

line with our well established jurisprudence regarding judicial estoppel, that Towing and Recovery is estopped from using its status as a trust to avoid Louisiana's Direct Action Statute which allows suits against insurers.

The majority ignores a long line of state and federal jurisprudence which supports the propriety of the trial court's ruling as a matter of law. Relying on the decision in *Gunderson v. F.A.Richard & Associates*, 09-1498 (La.App. 3 Cir. 8/25/10), 44 SO.3d 779, the majority finds that estoppel cannot be applied when "in conflict with positive law." *Id*. at 789. This is a complete misapplication of the principle enunciated in *Gunderson,* and cases cited therein, and in La. Civ. Code art. 4 which provides:

> When no rule for a particular situation can be derived from the legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages.

In *Gunderson*, the court faced a completely different scenario than in the present case. In that case, the defendants were statutorily required to give adequate prior notice to the plaintiff healthcare providers of their intent to reimburse them at a lower PPO rate than the higher workers' compensation rate for injured workers. This court held the plaintiffs were not estopped from suing the defendants for payments at the higher rate just because the plaintiffs' did not use their provider agreements to mitigate their damages. We found the defendants in *Gunderson* could not employ equitable estoppel as a defense to their positive statutory duty of notice and disclosure. That is quite different than the case before us. Here, the majority fails to employ estoppel to the very kind of circumstance the doctrine envisions. As Louisiana Civil Code article 4 expressly states, equitable estoppel requires that this court "resort to justice [and] reason" to determine if Towing and Recovery should be estopped from invoking its status as a trust when it repeatedly

---

trusts shall be subject to the provisions of this Code." Unfortunately, this statute was not in effect at the time of the accident in this case.

and deliberately masqueraded as an insurer in judicial pleadings throughout the litigation until it could gain an advantage over the Plaintiff by now asserting it is a trust, not an insurer, in bankruptcy proceedings. This is the very type of behavior judicial estoppel prohibits.

> *The doctrine of judicial estoppel prohibits parties from deliberately changing positions according to the exigencies of the moment; it is designed to protect the integrity of the judicial process.* New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982)); *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993). *Judicial estoppel is an equitable doctrine invoked by the court within **its sound discretion**. Id.* (citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).
>
> Courts employ several factors in determining whether to apply the doctrine: (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position; (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine.* 532 U.S. 742, 75-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

*Ark-La-Tex Timber Co., Inc. v. General Electric Capital Corp.*, 482 F.3d 319, 332(5th Cir. 07) (emphasis added).

> Generally speaking, it may be said that estoppel is a bar which precludes a person and his privies from denying or asserting anything to the contrary of that which has, in contemplation of law, been established as the truth, either by the acts of judicial or legislative offices, or by his execution of a deed or his representations or conduct, express or implied. See 19 Am.Jur. 601, Verbo Estoppel, Sec. 2. *The general purpose of estoppels is to require honesty, fair dealing and good faith by preventing a person from making contrary representations.* 19 Am.Jur. 602, Verbo Estoppel, Sec. 4. Estoppels are generally classified as one of three kinds: (1*) Estoppel by record, as for instance where a party files pleadings in a suit, he may be thereafter estopped to assert a contrary position, where the opposing litigant has relied on such pleadings to his detriment.* See *Staunton v. Vintrella,* 223 La. 958, 67 So.2d 550. (2) Estoppel by deed, as for instance where a vendor warrants full title to the vendee, the vendor is estopped to thereafter assert an interest contrary to his warranty. See *Gaines v. Crichton*, 187 La. 345, 174 So. 666. (3) Estoppel 'in pais' or equitable estoppel is a term applied to a situation where, because of some conduct on his part, a person is denied the right to assert or prove a certain fact, as for instance where a person has done or said something with the intent to influence the other, and the other has acted upon the faith of it to his detriment, the former is estopped to

change his position. *See Brock v. Black, Rogers & Co.*, 201 La. 1017, 10 So.2d 790.

*Humble Oil v. Boudoin*, 154 SO.2d 239, 250 (La.App. 3 Cir. 1963), *writ refused by*

156 So.2d 601 (La. 1963) (emphasis added).

> As the Unites States Fifth Circuit plainly said it:

> > "Judicial Estoppel is a common law doctrine that prevents a party *from assuming inconsistent positions in litigation.*" *In re Superior Creboats, Inc.*, 374 F.3d at 334 (*citing Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). "*The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self-interest.*" *Id*. (quoting *In re Coastal Plains, Inc.*, 179 F.3d at 205). As an equitable doctrine, "[g]enerally, judicial estoppel is invoked where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Id*. at 334-35 (quoting *Scarano v. Cent,R.R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).

*Kane v. Natl. Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (emphasis

added).

Towing and Recovery played "fast and loose" in these judicial proceedings and gained an advantage over the injured Plaintiff in the bankruptcy proceedings. As a result of Towing and Recovery's false representations used to its advantage when it suited its goals in the litigation, Plaintiff has been put in an unfavorable position as a judgment creditor in the bankruptcy proceedings which works to his detriment in his ability to recover all or perhaps any of his substantial judgment for his injuries. This is not countenanced in our law but is allowed by the majority through its misplaced reliance on the notion that positive law precludes application of equitable estoppel. The jurisprudence does not support the majority's conclusion. As the United States Fifth Circuit Court of Appeals points out in *Kane*, the courts recognize three factors in determining the applicability of equitable estoppel:

"(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the [representation] must not have been inadvertent." (*citations omitted*) In the context of judicial estoppel, "inadvertence" requires either that [the party] lacks knowledge [of his misrepresentation] or has no motive for [its] concealment." (*citations omitted*)

*Kane*, 535 F.3d at 385-86.

Towing and Recovery's masquerade as an insurer meets these requirements in this case: (1) Its original position in multiple judicial pleadings and procedures is "clearly inconsistent" with its later position that it is not an insurer; (2) the court in more than one instance accepted Towing and Recovery's misrepresentation that it was an insurer and had issued an insurance policy; and (3) Towing and Recovery did not "lack knowledge" that it was not in fact an insurer but is a trust under the law, and it clearly had a motive in making its representations at each stage of the proceedings. When it benefitted Towing and Recovery to be an insurer in the litigation it represented it was an insurer and admitted it issued an insurance policy. When it now benefits Towing and Recovery in a different forum, Bankruptcy Court, to be a trust not subject to Louisiana's Direct Action Statute affecting insurers, it does an about face and insists it is not an insurer but a trust, leaving Plaintiff in a much inferior position in the bankruptcy proceedings to creditors who are ranked superior to him. There is no justice, no preservation of judicial integrity, no fairness, no fair dealing, no good faith, no good whatsoever in the majority's allowing a party such as Towing and Recovery to play "fast and loose with the courts to suit the exigencies of self-interest," *Kane,* 535 F.3d at 385, and thereby gain benefit to itself by relieving it of paying Plaintiff his full compensation awarded by a court of law. For these reasons, I vigorously dissent.

5