COOKS, J.
Dissents.
| Raymond Charles (Plaintiff) was awarded $400,000.00 in damages, plus costs, and interest from date of judicial demand, for injuries sustained in an accident with a tow truck owned by J.C.’s Wrecker Service, Inc. (J.C.’s). That judgment is not before us on appeal.
The majority recognizes the following individual facts. Towing and Recovery Professionals of Louisiana Trust (Towing and Recovery): (1) Admitted in judicial pleadings that it was an insurer; (2) represented in judicial pleadings it issued a general liability insurance policy which it judicially admitted covered J.C.’s tow truck; (3) used its feigned status as a direct action insurance company as the basis to attempt removal of the case to federal court; and (4) used its feigned status as a direct action insurance company to file a stay in the trial court when it filed federal bankruptcy proceedings. Nevertheless, the majority finds the trial court erred in finding Towing and Recovery is estopped from claiming exemption from the direct action statute because it is a trust not an insurer. I disagree.
The trial court properly denied Towing and Recovery’s exceptions of no right of action and no cause of action. The trial court found that as matter of law Towing and Recovery is a trust, not an insurer.[1] The trial court properly ruled, in |2line with our well established jurisprudence regarding judicial estoppel, that Towing and Recovery is estopped from using its status as a trust to avoid Louisiana’s Direct Action Statute which allows suits against insurers.
The majority ignores a long line of state and federal jurisprudence which supports the propriety of the trial court’s ruling as a matter of law. Relying on the decision in Gunderson v. F.A. Richard & Associates, 09-1498 (La.App. 3 Cir. 8/25/10), 44 So.3d 779, the majority finds that estoppel cannot be applied when “in conflict with positive law.” Id. at 789. This is a complete misapplication of the principle enunciated in Gunderson, and cases cited therein, and in La. Civ.Code art. 4 which provides:
*90 When no rule for a particular situation can be derived from the legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages.
In Gunderson, the court faced a completely different scenario than in the present ease. In that case, the defendants were statutorily required to give adequate prior notice to the plaintiff healthcare providers of their intent to reimburse them at a lower PPO rate than the higher workers’ compensation rate for injured workers. This court held the plaintiffs were not estopped from suing the defendants for payments at the higher rate just because the plaintiffs’ did not use their provider agreements to mitigate their damages. We found the defendants in Gunderson could not employ equitable estoppel as a defense to their positive statutory duty of notice and disclosure. That is quite different than the case before us. Here, the majority fails to employ estoppel to the very kind of circumstance the doctrine envisions. As Louisiana Civil Code article 4 expressly states, equitable estoppel requires that this court “resort to justice [and] reason” to determine if Towing and Recovery should be estopped from invoking its status as a trust when it repeatedly | sand deliberately masqueraded as an insurer in judicial pleadings throughout the litigation until it could gain an advantage over the Plaintiff by now asserting it is a trust, not an insurer, in bankruptcy proceedings. This is the very type of behavior judicial estoppel prohibits.
The doctrine of judicial estoppel prohibits parties from deliberately changing positions according to the exigencies of the moment; it is designed to protect the integrity of the judicial process. New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citing Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir.1982)); United States v. McCaskey, 9 F.3d 368, 378 (5th Cir.1993). Judicial estoppel is an equitable doctrine invoked by the court within its sound discretion. Id. (citing Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990)).
Courts employ several factors in determining whether to apply the doctrine: (1) whether the party’s later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party’s earlier position; (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. New Hampshire v. Maine. 532 U.S. 742, 75-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).
Ark-La-Tex Timber Co., Inc. v. General Electric Capital Corp., 482 F.3d 319, 332 (5th Cir.07) (emphasis added).
Generally speaking, it may be said that estoppel is a bar which precludes a person and his privies from denying or asserting anything to the contrary of that which has, in contemplation of law, been established as the truth, either by the acts of judicial or legislative offices, or by his execution of a deed or his representations or conduct, express or implied. See 19 Am.Jur. 601, Verbo Es-toppel, Sec. 2. The general purpose of estoppels is to require honesty, fair dealing and good faith by preventing a person from making contrary representations. 19 Am.Jur. 602, Verbo Estop-pel, Sec. 4. Estoppels are generally classified as one of three kinds: (1) Estoppel by record, as for instance where a party files pleadings in a suit, he may be thereafter estopped to assert a contrary position, where the opposing litigant has relied on such pleadings to his det *91 riment. See Staunton v. Vintrella, 223 La. 958, 67 So.2d 550.(2) Estoppel by-deed, as for instance where a vendor warrants full title to the vendee, the vendor is estopped to thereafter assert an interest contrary to his warranty. See Gaines v. Crichton, 187 La. 345, 174 So. 666.(3) Estoppel ‘in pais’ or equitable estoppel is a term applied to a situation where, because of some conduct on his part, a person is denied the right to assert or prove a certain fact, as for instance where a person has done or said something with the intent to influence the other, and the other has acted upon the faith of it to his detriment, the former is estopped to |4change his position. See Brock v. Black, Rogers & Co., 201 La. 1017, 10 So.2d 790.
Humble Oil v. Boudoin, 154 So.2d 239, 250 (La.App. 3 Cir.1963), writ refused by 245 La. 54, 156 So.2d 601 (La.1963) (emphasis added).
As the Unites States Fifth Circuit plainly said it:
“Judicial Estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation.” In re Superior Creboats, Inc., 374 F.3d at 334 (citing Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir.1988)). “The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self-interest.’ ” Id. (quoting In re Coastal Plains, Inc., 179 F.3d at 205). As an equitable doctrine, “[generally, judicial estoppel is invoked where “intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.’ ” Id. at 334-35 (quoting Scarano v. Cent., R.R. Co., 203 F.2d 510, 513 (3d Cir.1953)).
Kane v. Natl. Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir.2008) (emphasis added).
Towing and Recovery played “fast and loose” in these judicial proceedings and gained an advantage over the injured Plaintiff in the bankruptcy proceedings. As a result of Towing and Recovery’s false representations used to its advantage when it suited its goals in the litigation, Plaintiff has been put in an unfavorable position as a judgment creditor in the bankruptcy proceedings which works to his detriment in his ability to recover all or perhaps any of his substantial judgment for his injuries. This is not countenanced in our law but is allowed by the majority through its misplaced reliance on the notion that positive law precludes application of equitable estoppel. The jurisprudence does not support the majority’s conclusion. As the United States Fifth Circuit Court of Appeals points out in Kane, the courts recognize three factors in determining the applicability of equitable estoppel:
| s“(l) the party is judicially estopped .only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the [representation] must not have been inadvertent.” (citations omitted) In the context of judicial estoppel, “inadvertence” requires either that [the party] lacks knowledge [of his misrepresentation] or has no motive for [its] concealment.” (citations omitted)
Kane, 535 F.3d at 385-86.
Towing and Recovery’s masquerade as an insurer meets these requirements in this case: (1) Its original position in multiple judicial pleadings and procedures is “clearly inconsistent” with its later position that it is not an insurer; (2) the court in more than one instance accepted Towing and Recovery’s misrepresentation that it was an insurer and had issued an insur- *92 anee policy; and (3) Towing and Recovery did not “lack knowledge” that it was not in fact an insurer but is a trust under the law, and it clearly had a motive in making its representations at each stage of. the proceedings. When it benefítted Towing and Recovery to be an insurer in the litigation it represented it was an insurer and admitted it issued an insurance policy. When it now benefits Towing and Recovery in a different forum, Bankruptcy Court, to be a trust not subject to Louisiana’s Direct Action Statute affecting insurers, it does an about face and insists it is not an insurer but a trust, leaving Plaintiff in a much inferior position in the bankruptcy proceedings to creditors who are ranked superior to him. There is no justice, no preservation of judicial integrity, no fairness, no fair dealing, no good faith, no good whatsoever in the majority’s allowing a party such as Towing and Recovery to play “fast and loose with the courts to suit the exigencies of self-interest,” Kane, 535 F.3d at 385, and thereby gain benefit to itself by relieving it of paying Plaintiff his full compensation awarded by a court of law. For these reasons, I vigorously dissent.

. The issue regarding the trust’s status has been resolved by subsequent legislation. See La.R.S. 22:46(9)(d), which now provides such trusts "shall be deemed to be insurance and such trust or trusts shall be subject to the provisions of this Code.” Unfortunately, this statute was not in effect at the time of the accident in this case.